## M. & L. Die & Tool Co., Inc. *vs.* Board of Review of the City of Newport.

FEBRUARY 17, 1950.

Present: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

418

BAKER, J.   This is a petition for a writ of certiorari seeking to have quashed a certain decision of the zoning board of review of the city of Newport, hereinafter referred to as the board, refusing certain relief to the petitioner.   When the matter came before this court for argument on the merits, the petitioner moved that briefs filed on behalf of certain remonstrants, who had appeared at the hearing before the board and opposed the granting of the petition, be disregarded by this court, and also that counsel for such remonstrants be held to be disqualified from appearing and arguing the merits of the petition.   This court thereupon heard all the interested parties on the above motion and the disposition of that motion is the only question now before the court.

It appears that the matter before the board was an appeal by the petitioner from a decision of the inspector of build-

ings of the city of Newport refusing to issue to it a certain permit. At the hearing before the board the remonstrant Lewis G. Morris appeared and moved that the appeal be dismissed for lack of jurisdiction. The motion was denied and that remonstrant took no further part in the proceedings before the board. The other remonstrants, however, cross-examined the petitioner's witnesses and themselves testified. The board ultimately denied the petitioner's appeal and refused to issue the permit. The remonstrants contend that as a matter of right they may appear, file briefs, and argue in this court in opposition to the petitioner's present application for a writ of certiorari praying that the board's decision be quashed. The petitioner, on the other hand, argues that the remonstrants are not parties and have no such right or standing herein as they claim.

Strictly speaking it would appear that the only necessary parties to the proceeding as it now comes before us are the petitioner and the board. A review by this court of a decision of such board in zoning proceedings is provided for in general laws 1938, chapter 342, §8, as follows: "Any person or persons, jointly or severally aggrieved by any decision of the board of review * * * may present to the supreme court a petition, duly verified, setting forth that such decision is illegal in whole or in part and specifying the grounds of the illegality."

The petitioner clearly was aggrieved by the decision of the board and is properly before this court. None of the remonstrants, however, were aggrieved by the final decision of that board since it was in their favor. Even if we assume for the purpose of argument that the remonstrant Morris was aggrieved because the board did not dismiss the petition on jurisdictional grounds, the ultimate result was satisfactory to him, and in any event he has filed no petition under the procedure outlined in the above-quoted section. Further there is no express provision in the statute to the effect that a remonstrant appearing before the board and

receiving a favorable decision shall necessarily and automatically become as of right a party respondent in this court if the petitioner before such board files a petition under §8. We are of the opinion, therefore, that upon the present record there is nothing in the above-quoted language of that section which sustains the remonstrants' claim that they are necessary parties and as such have a right to be heard.

However, in support of their contention they call our attention to another portion of §8 relating to the fixing by the board of the time of its hearing of an appeal and the giving of notice of such time, which portion concludes as follows: "Upon the hearing any party may appear in person or by agent or by attorney." Under that broad provision remonstrants are given the right to appear before the board at any such hearing and be heard in order that they may protect their interests, if any, in the matter then under consideration. The remonstrants argue in substance that the general assembly has thus recognized that in such zoning proceedings other persons in addition to the board and the immediate petitioners may have property rights or other interests which they should be given an opportunity to bring to the board's attention. Therefore, the remonstrants urge that they should be permitted *as of right* to remain in this proceeding when the board's decision comes up for review in this court.

In *Madden* v. *Zoning Board of Review*, 48 R. I. 175, the court decided that remonstrants who had appeared before the board and were aggrieved by its decision had a right to petition this court for a review of such proceedings by certiorari. That, of course, is not the situation in the instant case where, as we have pointed out, the remonstrants were successful before the board and therefore were not aggrieved. However, the language used by the court in its opinion shows that it considered that in zoning matters the procedure should be reasonably liberal.

While the reasoning in the opinion in *Bowles* v. *Dannin,*

62 R. I. 36, a proceeding in common-law mandamus, to a certain extent supports an argument in favor of the remonstrants' position because of the absence perhaps of an appealable interest in the board as such, yet that decision is not applicable here as the board is not seeking to appeal and further the instant case is determinable under a particular statute. We fail to find in the pertinent statutes or elsewhere any sufficient basis for holding that the remonstrants who are not aggrieved may nevertheless appear herein *as a matter of right.*

On the other hand, our attention has been called to the following statement in 14 C.J.S. Certiorari §60, regarding parties in certiorari proceedings: "Strictly speaking, the only proper respondent or defendant on a petition for a writ of certiorari to bring up and quash the proceedings of an inferior tribunal is the tribunal whose action is to be examined, although it is proper to permit counsel for parties having a private interest in maintaining the proceeding to appear by the permission and in the name of respondents to oppose the petition * * *."

In our opinion such statement is applicable to the situation with which we are confronted. This court has indicated that an owner of land who may be specially affected by a change in zoning regulations should ordinarily have an opportunity in the interest of justice to be heard not only before the board but elsewhere if necessary. On this point a liberal practice in this jurisdiction has generally been followed. We are of the opinion that it is within the exercise of the court's sound discretion to permit attorneys representing remonstrants, who had appeared before the board and who might have appealed if aggrieved by its decision, to file briefs and to argue for their clients in this court in support of the board's decision. However, in thus exercising our discretion we will be able to ascertain whether the remonstrants or any of them have such an interest that in justice we should permit them to be heard.

In view of the circumstances and considering the remon-

422

strants' present contention as a request to be allowed to be heard, we permit their counsel to file briefs in their behalf and also to argue, for such time as the court may fix, in opposition to the petition when it is heard on its merits.

The petitioner's motion is denied.

*Dannin & Dannin, Max Levin,* for petitioner.

*Alexander G. Teitz,* City Solicitor, for respondent.

*Cornelius C. Moore, Salvatore L. Virgadamo,* for certain remonstrants.