CHICK'S CONSTRUCTION COMPANY, INC. *vs.* WACHUSETT
REGIONAL HIGH SCHOOL DISTRICT SCHOOL COMMITTEE.

Worcester.   May 4, 1961. — June 14, 1961.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, KIRK, & SPIEGEL, JJ.

*Public Works.   Contract,* For public works, Bidding for contract.
*Certiorari.*

In a certiorari proceeding it is irregular to admit an interested person as
a respondent besides the tribunal whose action is to be reviewed, but it
is not improper to hear argument from such a person.   [38–39]
A general bid to do certain public construction work subject to G. L.
c. 149, §§ 44A–44L, inserted by St. 1956, c. 679, § 1, for a fixed price,
in which the bidder made no entry in an item in the bid form calling
for a unit price for rock excavation, might be construed as offering to
do any necessary rock excavation without additional charge, and, follow-
ing an award of the general contract to such bidder as the lowest bidder,
there was no error in an order made in the judge's discretion dismissing
a certiorari proceeding by the second lowest bidder seeking to quash the
award of the contract on the ground of such omission in the successful
bid.   [40–42]

PETITION for a writ of certiorari filed in the Superior
Court on October 10, 1960.

The case was heard by *Meagher,* J.

*Frank Howard,* for the petitioner.

*Paul L. Hinckley,* for Wachusett Regional High School
District School Committee.

*Seward B. Brewster,* for Granger Contracting Co., Inc.

KIRK, J.   The petitioner appeals from an order dis-
missing its petition for a writ of certiorari seeking to quash
the action of the respondent committee in awarding a gen-
eral contract to Granger Contracting Co., Inc., hereinafter
called Granger, for the construction of an addition to
Wachusett Regional High School, and praying that the
contract be awarded to the petitioner.   G. L. c. 213, § 1D, as
amended by St. 1957, c. 155.   Granger was allowed to inter-
vene as a party respondent.   This procedure, as we have

343 Mass. 38                                                          39

Chick's Constr. Co. Inc. *v.* Wachusett Reg. High Sch. Dist. School Comm.

frequently stated, is irregular because only the members of the tribunal whose action is to be questioned are proper respondents to a petition for a writ of certiorari. *Grande & Son, Inc.* v. *School Housing Comm. of No. Reading,* 334 Mass. 252, 254. It was not improper, however, to hear argument from Granger as an interested private party, and all concerned in the case appear to have assented to the irregularity. *Marcus* v. *Commissioner of Pub. Safety,* 255 Mass. 5, 8. *Massachusetts Feather Co.* v. *Aldermen of Chelsea,* 331 Mass. 527, 528–529.

The case was heard upon the petition and return and certain stipulations. The respondent committee was the awarding authority under G. L. c. 149, §§ 44A–44L.[1] The Form for General Bid contained, in addition to the provisions required by G. L. c. 149, § 44F, the following provisions for rock and ledge excavation:

1. ROCK EXCAVATION shall consist of boulders one cubic yard or over including removal and disposal as directed ...... $...... per cu. yd.
2. LEDGE EXCAVATION shall consist of rock strata that has to be drilled, then feathered and wedged apart or blasted to be removed.

The undersigned shall include in Item I (Work of the General Contractor) the sum of ($......) for the removal and disposal of the following:

150 cu. yds. of trench ledge excavation

...... cu. yds. @ ($......) ...... ($......)

150 cu. yds. of open ledge excavation

...... cu. yds. @ ($......) ...... ($......)

Unit price per cu. yd. to remove and dispose of trench ledge excavation in excess of 150 cu. yds. ..... ($......) per cu. yd.

Unit price per cu. yd. to remove and dispose of open ledge excavation in excess of 150 cu. yds. ..... ($......) per cu. yd.

[1] As inserted by St. 1956, c. 679, § 1, and as amended by St. 1957, c. 590. Subsequent to the filing of this petition § 44A was further amended by St. 1960, c. 692, approved October 10, 1960; and §§ 44B, 44F, 44G, 44H, and 44I were further amended by St. 1960, c. 771, approved November 21, 1960.

40 343 Mass. 38

Chick's Constr. Co. Inc. v. Wachusett Reg. High Sch. Dist. School Comm.

All of the original bids for the work were rejected because they were in excess of the appropriation. The following changes thereupon were made in the "Form of Proposal — General Bid": "Omit the inclusion of ledge excavation allowance money from the contract. (150 cys. of trench ledge and 150 cys. of open ledge called for.)" The revised bids were opened September 9, 1960. Granger's bid of $907,700 was the lowest. The petitioner's bid of $907,785 was the next lowest. On September 10, 1960, the petitioner wrote to the respondent committee, quoting § 44F and alleging certain minor irregularities in the Granger bid which are immaterial in the present controversy, and concluding "this letter is not a letter of protest. We would just like to call your attention to these matters and leave it up to your decision." On September 19, 1960, Granger was awarded the contract and on September 22, 1960, the contract was executed. The petitioner thereupon protested the award upon the grounds alleged in its petition.

The petitioner contends that because Granger made no entry in the item relative to the cost of "ROCK EXCAVATION" (which as noted above is not prescribed in the statutory form) on the Form for General Bid, the bid is invalid. In support of the contention the petitioner cites the concluding paragraph of G. L. c. 149, § 44F, which so far as pertinent reads: "General bids shall be for the complete work as specified . . . and the general contractor shall be selected on the basis of such general bids. Every general bid . . . which is on a form *not completely filled in,* or which is incomplete, conditional or obscure, or which contains any addition not called for, shall be invalid; and the awarding authority shall reject every such general bid"[2] (emphasis added).

---

[2] Statute 1960, c. 771, § 3, amended the Form for General Bid and added the following to § 44F: "No such general bid shall be rejected because of the failure to submit prices for, or information relating to, any item or items for which no specific space is provided in the general bid form furnished by the awarding authority, but this sentence shall not be applicable to any failure to furnish prices or information required by this section to be furnished in the above 'Form for General Bid.'"

343 Mass. 38                                                        41

Chick's Constr. Co. Inc. *v.* Wachusett Reg. High Sch. Dist. School Comm.

The question before us is whether we are now required to say that the Granger bid is invalid because the form of bid as prepared by the awarding authority was not completely filled in by Granger in the particular already noted. We have held in suits brought by taxpayers (c. 29, § 63, and c. 40, § 53) that in matters of substance there must be strict compliance with the requirements of G. L. c. 149 dealing with the award of contracts for public works. *Gifford* v. *Commissioner of Pub. Health,* 328 Mass. 608, 617. *East Side Constr. Co. Inc.* v. *Adams,* 329 Mass. 347, 350–351. Under our decisions rejection of the Granger bid would have been justified because on its face it did not comply with the requirements of the statute. On the other hand, minor deviations from requirements will not require rejection of a bid. *Loranger* v. *Martha's Vineyard Regional High Sch. Dist. Sch. Comm.* 338 Mass. 450, 456. *John D. Ahern Co. Inc.* v. *Acton-Boxborough Regional Sch. Dist.* 340 Mass. 355, 358. *Fred C. McClean Heating Supplies, Inc.* v. *School Bldg. Commn. of Springfield,* 341 Mass. 322.

We address ourselves to the case in the posture in which it comes to us, having in mind the well established criteria which we should apply in passing upon a petition for a writ of certiorari. "It does not issue on account of formal or technical errors or those which have not resulted in manifest injustice to the petitioner or which have not adversely affected the real interests of the general public. . . . The writ does not issue as matter of right but rests in sound judicial discretion. It will not be granted unless the petitioner demonstrates that substantial justice requires it even though defects of some comparatively inconsequential nature may appear on the record." *Whitney* v. *Judge of the Dist. Court of No. Berkshire,* 271 Mass. 448, 459. *Loranger* v. *Martha's Vineyard Regional High Sch. Dist. Sch. Comm.* 338 Mass. 450, 459.

There is nothing in the record to suggest that the dismissal of the petition was not in the exercise of the judge's sound discretion. *Albano* v. *Selectmen of So. Hadley,* 341 Mass. 494, and cases cited.

Substantial justice does not require that the writ should issue. Granger's bid was a complete bid for the complete work as specified. It was a bid to do the whole job at a fixed price. Under the terms of the contract awarded pursuant to the bid, Granger became bound to do the complete work as specified, including rock excavation. The bid as submitted is subject to the construction that Granger would do such rock excavation as might be encountered without extra charge therefor. This is the construction which Granger asserts in its brief.

Whatever the aspects before this litigation began, it appears that, if there was a deviation from bid requirements, it is now inconsequential. The lowest bidder has been awarded the contract and the interests of the public have not been adversely affected. Although contravention of § 44F cannot be excused because it saves public funds, *Grande & Son, Inc.* v. *School Housing Comm. of No. Reading,* 334 Mass. 252, 258, or results in a benefit to the public, *Gifford* v. *Commissioner of Pub. Health,* 328 Mass. 608, 616, nevertheless, on the question of the issuance of a writ of certiorari, the public interest "is entitled to be weighed in the balance to determine whether sound judicial discretion ought to be exercised in favor of the petitioner." *Whitney* v. *Judge of the Dist. Court of No. Berkshire,* 271 Mass. 448, 463.

In the circumstances there was no error in refusing to quash the award to Granger.

The order for the dismissal of the petition is affirmed.

*So ordered.*