DiMinico & Cincotta, Inc. *vs.* Fire Commissioner of Boston. October 15, 1963. Order affirmed. This is an appeal from an order of the Superior Court denying, after hearing, a petition for a writ of certiorari. The petitioner sought to quash the action of the respondent in awarding a contract to the L. C. Blake Construction Corp. (Blake) for the construction of a fire station in Boston. It also sought to order the respondent to award the contract to the petitioner, even though its bid was $32,000 in excess of the Blake bid. The petitioner contends that the Blake bid is defective because in the "Form for General Bid" it did not fill in on page 2 of its bid an amount against "Item 1. The work of the general contractor, being all work other than that covered by Item 2." The petitioner argues that this omission made the general bid "defective in matter of substance" and therefore violates the provisions of G. L. c. 149, §§ 44A to 44L, as amended. The amount of the general bid was clearly written in paragraph C of the "Form for General Bid." Item 2, which was completely filled in, covered all work of the subbidders. The difference in amount between item 2 and the amount of the general bid obviously covered all the work of the general contractor. The figure omitted in item 1 being readily ascertainable, the petitioner's contention is without merit. *Chick's Constr. Co. Inc.* v. *Wachusett Regional High Sch. Dist. Sch. Comm.* 343 Mass. 38, 42. There was no basis whatever for rejection of the Blake bid.

*Max L. Rubin* for the petitioner.

*William H. Kerr* for the respondent.


Alphonso DeLuca's (dependent's) Case. October 31, 1963. Decree affirmed. This is an appeal from a decree of the Superior Court dismissing a claim by a widow for compensation for the death of her husband. The single member, whose decision was affirmed by the reviewing board, found that the claimant had failed to establish that the death of the employee was causally connected with an injury arising out of his employment. The employee had been a worker in a shoe factory with some exposure to dust and it was claimed that his death was caused by occupational pneumoconiosis. An autopsy did not substantiate this claim. The finding by the single member was predicated on the absence of medical testimony sufficient to link in causal relationship the employee's occupation and his death. There was no error. See *Sevigny's Case,* 337 Mass. 747, 749. Prejudicial error possible in the exclusion of certain evidence was cured by its admission thereafter through a subsequent witness. *Carson* v. *Boston Elev. Ry.* 309 Mass. 32, 35.

*John J. Jennings* for the claimant.

*George J. Ferguson* for the insurer.