MARI & SONS FLOORING COMPANY, INC. *vs.* J. W. BATESON Co., INC. & others.

Middlesex.    March 9, 1966. — April 4, 1966.

Present: WILKINS, C.J., SPALDING, CUTTER, SPIEGEL, & REARDON, JJ.

*Public Works. Contract,* For public works, Bidding for contract.

Rejection of a subbid on a public construction project subject to G. L. c. 149, §§ 44A–44L, was not required by the omission of the section number of the specifications for that subtrade in the sentence proposing to do "the work specified in Section No.      " for a stated sum, where the section number appeared with the subbidder's name and address on the envelope in which the subbid was submitted; or by crossing out of certain words or figures immediately below the amount of the proposal; or by failure to refer to an addendum not applicable to that subtrade.

BILL IN EQUITY filed in the Superior Court on July 3, 1964.

The suit was heard by *Taveira, J.*

*Joseph E. Marino* for the plaintiff.

*Victor Brogna,* Assistant Corporation Counsel, for the defendant Government Center Commission.

*Arthur Jaffe (John F. Reynolds* with him) for the defendant M. Frank Higgins Co., Inc.

WILKINS, C.J.   The plaintiff was a subbidder for resilient flooring work in the new Boston City Hall under Section 9B of the specifications of the general contract, which was awarded to the defendant J. W. Bateson Co., Inc. by the defendant Government Center Commission of the city of Boston.   This bill in equity seeks (1) a declaratory

decree that the low subbid of the defendant M. Frank Higgins Co., Inc. is invalid as matter of law and (2) an order that the commission reject that subbid as incomplete and not in conformity with G. L. c. 149, §§ 44A–44L, as amended, dealing with the award of contracts for public works. The case was heard on agreed facts by a judge of the Superior Court, who ruled that the subbid was valid and in .compliance with G. L. c. 149. From a final decree to this effect, the plaintiff appealed.

There was no error. The plaintiff's grounds of complaint are trifling matters in the printed form for subbid: (1) The omission to fill in "Section 9–B," the subtrade for which the subbid was submitted, in the sentence reading, "The undersigned proposes to furnish all labor and materials .required for completing, in accordance with the hereinafter described plans, specifications and addenda, all the work specified in Section No.      of the specifications and in any plans specified in such section, prepared by The Architects and Engineers for the Boston City Hall . . . for the contract sum of *Sixty-One Thousand Seven Hundred Forty-Six and no/oo dollars ($61,746)* . . .. This subbid includes addenda numbered 1, 2, 3, 4, 5, 6, *7, and 8.*" (Supplied italics show words and figures filled in by subbidder.) "Section 9–B" and the subbidder's name and address appeared on the envelope in which the subbid was enclosed as required by § 44H, and by the invitation to bid. After the bids were opened, the subbid and the envelope were stapled together. (2) The X-ing out by typewriter of some words or figures immediately below the amount of the contract sum. (3) The omission to fill in "9," the last in the succession of addenda. There was no reference in that addendum to Section 9–B and resilient flooring work, and nothing to show that addendum 9 affected the price of such work.

These were minor deviations which did not require rejection of the subbid. *Chick's Constr. Co. Inc.* v. *Wachusett Regional High Sch. Dist. Sch. Comm.* 343 Mass. 38, 41, and cases cited. *DiMinico & Cincotta, Inc.* v. *Fire Commr. of Boston,* 346 Mass. 766.

*Decree affirmed.*