Mario Pittoni, J.
In this proceeding pursuant to article 78 of the GPLR, judgment is granted in favor of respondents, dismissing the petition.
Petitioner, Century Circuit, Inc., operates a moving picture theatre on land that it leases in Roosevelt Field, about a mile and a quarter away from the subject property. It demands a judgment annulling the determination and decision of the respondent board which granted a special exception to the intervenor, Roosevelt Properties Inc., to operate a theatre on the subject property, which is located in an industrial district.
*817 Petitioner argues that the traffic increase caused by a new theatre in the vicinity, coupled with the tremendous traffic congestion now caused by Roosevelt Raceway adjacent to it, increases the traffic problem and the dangerous conditions to the surrounding area. Respondent board heard a number of witnesses on both sides, decided that these fears were groundless, and granted the exception. I cannot say from the record that the respondent board was arbitrary, capricious or unreasonable (Matter of Lemir Realty Corp. v. Larkin, 11 N Y 2d 20).
Petitioner neither alleges nor has it produced any evidence to establish that it is an aggrieved party. It is a mere lessor and not a property owner; thus it does not and cannot allege or prove that there is “ pecuniary loss in the value of [its] land ” (Westchester Motels v. Village of Elmsford, 20 A D 2d 818; Matter of Lido Beach Civic Assn. v. Board of Zoning Appeals of Town of Hempstead, 13 A D 2d 1030; Ferrante v. Angelone, N. Y. L. J., March 31, 1966, p. 18, col. 6 [Pittoni, J.]).
The best that petitioner has shown is that its monetary return may be affected by a competitor theatre about a mile away; that there would be a prospective loss in its business as a result of competition. That does not make the petitioner an “ aggrieved party ” with standing to sue (Westchester Motels v. Village of Elmsford, supra; Matter of Paolangeli v. Stevens, 19 A D 2d 763). In the Paolangeli case, the court said: “ On abundant authority, a competitor whose only complaint against such a variance as was granted to respondents here is increasing competition, has no sufficient standing to challenge the official action. ” The petition is dismissed.