492 P.2d 76 (1971)
ACADEMY BOULEVARD BANK, a Colorado corporation, et al., Plaintiffs-Appellants,
v.
The BANKING BOARD of the State of Colorado, et al., Defendants-Appellees.
No. 71-356.
Colorado Court of Appeals, Div. I.
December 21, 1971.
*77 Goodbar, Goodbar & Fischer, Colorado Springs, Rothgerber, Appel & Powers, Denver, for plaintiffs-appellants.
Duke W. Dunbar, Atty. Gen., John P. Moore, Deputy Atty. Gen., Del J. Ellis, Asst. Atty. Gen., Denver, for defendants-appellees The Banking Bd. of the State of Colo. and Harry Bloom, State Bank Commissioner.
Holme, Roberts & Owen, Donald C. McKinlay, Lawrence L. Levin, Denver, for defendants-appellees Frederick M. Farrar, Robert E. Trego, Bob Johnston, Jr., Richard W. Dailey, and Orville D. Potts.
Selected for Official Publication.
DUFFORD, Judge.
This is an appeal from a decision of the District Court affirming an order of the Banking Board of the State of Colorado, one of the appellees, whom we shall refer to as the "Banking Board." The order under consideration directed the State Bank Commissioner, also an appellee, to grant a charter to the remaining appellees, Farrar, Trego, Johnston, Dailey, and Potts, whom we shall refer to collectively as "applicants," authorizing them to open and conduct the business of a commercial state bank in Colorado Springs, Colorado, under the name of "Citadel Bank."
The appellants, who constitute four commercial banks doing business within the primary service area of the proposed bank, assert numerous grounds of error as to the actions and orders of the Banking Board and the district court.

*78 I.
Initially, appellants contend that the district court erred in not concluding that the Banking Board was under a mandatory statutory obligation to fully investigate and determine the identity of all shareholders in the proposed bank.
It is clear from the record before us that, prior to authorizing issuance of a state bank charter to the applicants, there was presented to the Banking Board, and considered by it, extensive documentary evidence and testimony concerning those persons or firms who constituted subscribers to the proposed stock of such bank. Such evidence included all of the information which is required by the provisions of 1967 Perm.Supp., C.R.S.1963, 14-9-9(1) (c), to be presented to the Banking Board in support of an application for a state bank charter. The clear wording of the applicable statutes direct the Banking Board to demand and consider specified information concerning those persons who have expressly committed themselves to the primary capitalization of the proposed bank through stock subscriptions. Accordingly, in this respect, the Banking Board proceeded in full compliance with the explicit requirements of the applicable statute, and the district court would have been in error had it construed the governing statutes to require that the Board consider factors other than those specified by the clear provisions of the statute. See Goldy v. Crane, 167 Colo. 44, 445 P.2d 212.

II.
There are two additional assertions of error made by the appellants which we treat collectively. The first of these is a contention that the application should have been denied because the evidence presented before the Banking Board indicated the possibility that, after organization of the applicant bank and following the issuance and transfer of its stock, a violation would occur with respect to federal prohibitions contained in the Clayton Act, 15 U.S.C. § 19 (1970). Secondly, it is asserted that the order of the Banking Board should be set aside by this Court because evidence within the record indicates the additional possibility that a limited partnership which might be a future shareholder in the applicant bank would not meet the requirements of certain amendments to the Bank Holding Company Act. Such amendments were enacted in 1970 in the form of Pub.L. No. 91-607 and relate to bank holding companies.
We reject both of appellants' contentions. In order to sustain either of such asserted points of error, it would be necessary for this Court to speculate that, after issuance of the bank's charter, the applicants and the bank would thereafter proceed to act in direct violation of applicable federal laws. Such speculation by this Court would be contrary to the settled legal principle that we are precluded from deciding abstract or contingent questions. Thorpe v. Housing Authority, 393 U.S. 268, 89 S.Ct. 518, 21 L.Ed.2d 474.
Further, the Banking Board's order for issuance of a charter to the Citadel Bank was granted only after applicants amended the terms of their application in such a manner as to preclude any possible violation of the Clayton Act. Such amendment was validly made and allowed. C.R. S.1963, 14-9-9(2), 14-9-10(2), and 1969 Perm.Supp., C.R.S.1963, 3-16-4(4). The Banking Board's order is also expressly conditioned upon the applicants' making a bona fide application for the bank's membership in the Federal Deposit Insurance Corporation or the Federal Reserve System. As a reviewing court, we must presume that in securing such standing under federal law the proposed bank and its shareholders will proceed in good faith and comply with, rather than violate, the law. Golden Press, Inc. v. Rylands, 124 Colo. 122, 235 P.2d 592; B. K. Sweeney Electrical Co. v. Poston, 110 Colo. 139, 132 P.2d 443.

III.
Appellants also argue that the Banking Board's findings that the proposed *79 Citadel Bank would serve a public need and advantage, and that a profitable operation of the proposed bank had been reasonably projected were not supported by the evidence presented to the Banking Board and should have been set aside by the district court. This assertion of error is not supported by the record. The challenged findings of the Banking Board were made following a full hearing, at which there was presented extensive evidence with respect to the matters covered by such findings. Although there were conflicts within such evidence as to the need and desirability for the proposed bank and as to its future profitability, there was substantial evidence upon which the Banking Board could base the findings it ultimately made. It is sufficient to say here that the weighing and evaluation of the testimony and evidence is the statutorily delegated power and responsibility of the Banking Board, and that it is beyond the power of a reviewing court to substitute its judgment for that of the fact-finding authority. Goldy v. Henry, 166 Colo. 401, 443 P.2d 994.

IV.
In a situation where the address at which the proposed state bank will do business is not known, 1967 Perm.Supp., C.R. S.1963, 14-9-9(1) (c), requires that the charter application describe the area within a radius of one-half mile in which the bank is to be located. In this case, the application stated that the proposed bank's business location was not determined but described it as being within a radius of one-half mile of the intersection of East Platte Avenue (U.S. 24) and Academy Boulevard (Colo. 83), County of El Paso, Colorado Springs, Colorado. The notice of the hearing on the application also contained such description as to the business location of the bank. Evidence of possible actual business sites for the bank presented at hearing pertained to sites within such area. However, the Banking Board's order described the location for the proposed bank as "the new Citadel Shopping Center, a regional shopping center being developed on approximately 143 acres in eastern Colorado Springs, Colorado."
It is not disputed that portions of the Citadel Shopping Center would lie outside the circular area described in the application. Such being the case, appellants assert the Banking Board's order is void because it violates the provisions of 1967 Perm.Supp., C.R.S.1963, 14-9-9(1) (c).
The business location of the proposed bank as described in the Banking Board's order does exceed the statutory tolerance and does not conform to the proposed location which was specified in the notice of hearing. Such being the case, the conclusion of law made by the district court that the Banking Board's order was valid insofar as it described the possible location of the proposed bank was in error, and that portion of the district court's judgment is reversed.
However, the proposed location set forth in the application and in the notice of hearing meets the requirements of the statute and is supported by evidence of actual proposed locations. The descriptive variance contained in the Banking Board's order does not render the entire order void. Additionally, since the basis for modification of the Banking Board's order appears in the record, we may modify and correct that order on appeal. C.R.S.1963, 14-2-7; Goldy v. Henry, supra.
Accordingly, the Banking Board's order of November 10, 1970, which is the subject of this appeal, is hereby modified by inserting therein the restriction that the business location of the proposed Citadel Bank shall be within a radius of one-half mile of the intersection of East Platte Avenue (U. S. 24) and Academy Boulevard (Colo. 83), County of El Paso, Colorado Springs, Colorado. As so modified, the order of the Banking Board is hereby affirmed. The order of the district court, based upon a review of the Banking Board's order, is *80 also affirmed except to the extent that the same is specifically reversed above.
SILVERSTEIN, C.J., and DWYER, J., concur.