A. Franklin Mahoney, J.
In this CPLR article 78 proceeding petitioner seeks an order annulling a determination of the Public Service Commission (PSC) which permitted, without public hearing, Boris Squire and Annette Squire, doing business as Air Page, to interconnect their radio-telephone system with the New York Telephone Company and, further, authorized Air Page to place a tariff schedule into effect on less than 30 days’ notice.
The petitioner did not name Air Page as a party respondent and on the return date of this motion Air Page moved, pursuant to CPLR 401 and CPLR 1012 (subd [a]), for leave to intervene as a party respondent in this CPLR article 78 proceeding. Leave was granted and Air Page, as intervenorrespondent, has filed papers in opposition to the relief requested by the petitioner.
Radio-telephone utilities are telephone corporations within the meaning and intent of subdivision 17 of section 2, subdivision 18 of section 2 and section 5 of the Public Service Law, and as such are regulable by the PSC. (Matter of Radio Common Carriers of N.Y. v New York State Public Serv. Comm., 79 Misc 2d 600; Matter of Digital Paging Systems v Public Serv. Comm., 46 AD2d 92.) This court in Matter of Radio Common Carriers of NY. (supra) determined that the PSC acted within its authority in August of 1973 when it extended plenary jurisdiction over and regulation of noninterconnected radio common carriers. Further, this court, in the same opinion, held that the PSC was justified in issuing certificates of public convenience and necessity to any such carrier which was in operation or had applied to the FCC for the allocation of radio frequencies prior to October 1, 1973. This approval of "grandfathering” covered in the intervening Air Page radio operations both in the City of Albany and the City of Troy. Thereafter, when Air Page made application to the PSC for interconnection rights with the New York Telephone Company, it did so as a regulated radio common carrier.
It is petitioner’s contention that the June 6, 1974 order of the PSC, permitting Air Page to interconnect with the New *446 York Telephone Company, is tantamount to the creation of a new service and that the PSC is powerless to so act without first conducting a public hearing.
I find it unnecessary to discuss the merits of the issue raised in this proceeding; the petitioner is without standing to maintain it.
Petitioner, who operates a radio common carrier in the same geographical area as Air Page, alleges in paragraph "8” of the petition that its objection is bottomed on the fact that certification of radio-telephone companies "in the petitioner’s own area could have an adverse economic effect upon the petitioner’s activities and services presently offered to the public”. Again, in paragraph 15 of the petition, the petitioner alleges that the action of the respondents authorizing Air Page to interconnect with the New York Telephone Company , would put "Air Page in direct competition in the exclusive geographical area theretofor served exclusively by the petitioner.” Again, in paragraph 23 of the petition, it is alleged "All potential customers available were within the exclusive geographical area which had been served by Capital” (petitioner). Yet, again, in paragraph 24 the petitioner insists that the application of Air Page should have been denied because of "the adverse effect the approval * * * would have upon the petitioner which was already serving the communicating public in the area in which Air Page intended to invade.” Clearly, petitioner’s complaint is predicated upon a fear of economic loss due to an increase in the efficiency and competitiveness of Air Page. While such a complaint may be cognizable in the bookkeeping department of petitioner, it does not rise to the level of an aggrievement necessary to confer standing for the purposes of initiating a CPLR article 78 proceeding. Indeed, it can be argued that the purpose and function of the PSC is to increase, rather than diminish, the competitiveness and efficiency of its regulated utilities in order that they might better serve the public. The best that petitioner has shown is that it may sustain a prospective loss in its business as the result of the increased efficiency and quality of service to be rendered by its coregulated carrier, Air Page. Such a showing is not to be equated with evidence requisite to establish petitioner as an aggrieved party. (Matter of Century Circuit v Chave, 50 Misc 2d 816; Matter of Pao *447 langeli v Stevens, 19 AD2d 763.) The petitioner is without standing to challenge the determination of the PSC.
The petition is dismissed.