## No. C-986

## Irwin Harold Kornfeld v. Perl Mack Liquors, Inc.

(567 P.2d 383)

Decided August 2, 1977.

Brenman, Sobol & Baum, Martin Zerobnick, for petitioner.

James J. Zak, Edward B. Towey, for respondent.

*En Banc.*

MR. JUSTICE LEE delivered the opinion of the Court.

We granted certiorari to review the court of appeals' decision in *Kornfeld v. Yost*, 37 Colo. App. 483, 551 P.2d 219. The court of appeals reversed the district court judgment and affirmed the action of the Adams County Board of Commissioners denying petitioner a retail liquor store license. We reverse the judgment of the court of appeals and direct that the appeal be dismissed.

The Adams County Board of Commissioners denied the application of petitioner Irwin Kornfeld for a retail liquor store license. Petitioner filed an action in Adams County District Court under C.R.C.P. 106(a)(4) to review the board's action. Petitioner named as defendants the county commissioners, who are not parties to this proceeding, and respondent Perl Mack Liquors, Inc., which operates a local liquor store and had appeared at the license hearing to oppose petitioner's application. The district court ordered the board to issue petitioner a license. Rather than appeal the district court judgment, the board of county commissioners complied with the judgment and issued the license. Respondent Perl Mack Liquors, Inc., then appealed to the court of appeals, which in turn reversed the district court judgment.

The function of a Rule 106(a)(4) proceeding is to review the action of an inferior tribunal which has allegedly exceeded its jurisdiction or abused its discretion. Since such a proceeding is properly brought against the inferior tribunal and the rule to show cause issues only against the tribunal, the relief may be granted, if at all, against the tribunal only.

Petitioner's complaint in district court reflects the nature of a Rule 106(a)(4) proceeding. Although naming both the county commissioners and respondent as defendants, the complaint seeks relief only against the county commissioners in the following words:

"WHEREFORE, the plaintiff prays that a writ of certiorari be issued from the court to Defendants Yost, Grant and Anderson, as members of the Board of Commissioners of the County of Adams * * * to show cause,

if any they have, why they should not grant said application * * *."

We hold, therefore, that the county commissioners were the only proper party-defendants to the Rule 106(a)(4) proceeding. *Chick's Constr. Co. v. Wachusett Reg. High Sch. Dist. School Comm.*, 343 Mass. 38, 175 N.E.2d 502; *M. & L. Die & Tool Co. v. Board of Review*, 76 R.I. 417, 71 A.2d 511.

Respondent points to section 12-47-140(5), C.R.S. 1973, [1] as conferring standing to appeal. That section provides:

"(a) At the public hearing held pursuant to this section, any party in interest shall be allowed to present evidence and to cross-examine witnesses.

"(b) 'Party in interest' as used in this subsection (5) means any of the following:

* * * *

"(III) The owner or manager of a business located in the neighborhood under consideration."

Respondent was certainly a proper "party in interest" and could participate in the presentation of evidence and the cross-examination of witnesses at the public hearing concerning petitioner's license application. In our view, however, the descriptive term "party in interest," as used in the statute, grants only the limited right to participate in the evidentary hearing and not the right to participate as a party in judicial proceedings to review the action of the licensing authority. Had the legislature intended otherwise, it would have expressly so provided.[2]

Nor was respondent a person substantially aggrieved by the district court action, which would give him a right to seek review under Rule 106(a)(4). Economic injury from lawful competition does not confer standing to question the legality of a competitor's operations. *Hardin v. Kentucky Utilities Co.*, 390 U.S. 1, 88 S.Ct. 651, 19 L.Ed.2d 787; *Capital Telephone Co. v. Kahn*, 81 Misc.2d 444, 366 N.Y.S.2d 538.

As stated in *Miller v. Clark*, 144 Colo. 431, 356 P.2d 965, to prosecute an appeal a person "must either be a party to the action or he must be a person substantially aggrieved by the disposition of the case in the lower court." Of course, "party" in this context means a proper party. *Whalen v. McMahon*, 16 Colo. 373, 26 P. 583; *Duke v. Pickett*, 30 Colo. App. 438, 494 P.2d 120.

Since respondent was neither a proper party to the Rule 106(a)(4) action in district court nor a person substantially aggrieved by the district court judgment, it has no standing to appeal from that judgment. *Miller v. Clark, supra*; *Denver v. Board of Directors*, 38 Colo. App. 53, 549 P.2d 1090.

---

[1]Now section 12-47-136(5), C.R.S. 1973 (1976 Supp.).

[2]Compare with the review provisions of the annexation statute, section 31-8-116, C.R.S. 1973, where designated aggrieved persons are allowed to participate in judicial review by certiorari.

The judgment of the court of appeals is reversed and the cause remanded with directions to dismiss the appeal.

MR. JUSTICE GROVES dissents.

MR. JUSTICE ERICKSON does not participate.