570 P.2d 1318 (1977)
Edward A. WODA, d/b/a Kelley's Liquors, Plaintiff-Appellant,
v.
The CITY OF COLORADO SPRINGS, a Municipal Corporation, and the Bain Corporation, a corporation, Defendants-Appellees.
No. 76-658.
Colorado Court of Appeals, Division III.
October 27, 1977.
*1319 R. Kenneth Sparks, Jr., P.C., Colorado Springs, for plaintiff-appellant.
Gordon D. Hinds, City Atty., Tad S. Foster, M. Allen Ziegler, Jr., Deputy City Attys., Colorado Springs, for The City of Colorado Springs, defendant-appellee.
Trott, Kunstle & Hughes, Howard J. Kunstle, Colorado Springs, for The Bain Corp., defendant-appellee.
VanCISE, Judge.
Defendant, The Bain Corporation (the applicant), applied to the Colorado Springs city council for a change of location for the exercise of its package liquor license. Plaintiff Edward A. Woda, a competitor whose liquor store is directly across the street from the applicant's proposed location, appeared at the hearing in opposition to the application. The council approved the application, and it was then approved by the state.
Claiming that the city abused its discretion and exceeded its jurisdiction in granting the application, Woda filed this C.R.C.P. 106(a)(4) action against the applicant and the city. The trial court affirmed the city's action. Woda appeals. We dismiss the appeal.
The city contends that Woda has no standing to appeal. We agree.
In Kornfeld v. Perl Mack Liquors, Inc., Colo., 567 P.2d 383 (1977), the court held that although a competitor is a proper "party in interest" at the public hearing on a liquor license application before the local licensing authority, the term "party in interest" as used in the statute did not grant a competitor the right to participate as a party in judicial proceedings to review the action of the licensing authority. It further held that a competitor was not "a person substantially aggrieved by the district court action, which would give him a right to seek review under Rule 106(a)(4). Economic injury from lawful competition does not confer standing to question the legality of a competitor's operations."
Woda argues that applying Kornfeld to the facts of this case means that where a local licensing authority approves a license application, its decision is final and unappealable. That may be the practical effect, but this court has no choice other than to follow a controlling decision of our Supreme Court. We therefore hold that Woda was neither a proper party to institute the C.R. C.P. 106(a)(4) action in the district court, nor was he a person substantially aggrieved by the district court judgment. Therefore, he has no standing to appeal from that judgment. Kornfeld, supra.
The appeal is dismissed.
KELLY, J., concurs.
STERNBERG, J., specially concurs.
STERNBERG, Judge, specially concurring.
Kornfeld, supra, obviously is binding; however, it need not be extended beyond its facts. There, the licensing authority had denied a liquor license. The unsuccessful applicant sought review and when the district court reversed, the licensing authority complied with the order of the district court to issue the license. A competitor, not the licensing authority, appealed. He was held to lack standing to prosecute the appeal. Judicial review had taken place. Appellate review of the decision would have followed had the licensing authority wished to appeal.
Here, the local licensing authority granted the license. If plaintiff is denied standing to attack that action, no judicial review of that act is possible. To apply Kornfeld broadly to this situation would be to hold, in effect, that where a local licensing authority approves a license, no appeal may be taken. I do not believe that the General Assembly intended to, or even could, give a local licensing authority the power to issue licenses without its acts being subject to judicial review. Nor do I think the holding in Kornfeld necessarily mandates that result. Although the issue of standing is not discussed, there are many reported cases in this state which reach the merits where a third party attacks issuance of a liquor *1320 license. See, e. g., Potter v. McClearn, 171 Colo. 334, 467 P.2d 54 (1970); Campbell v. Montrose, 150 Colo. 471, 374 P.2d 348 (1962); Page v. Blunt, 126 Colo. 324, 248 P.2d 1074 (1952). In my opinion, any attempt to distinguish between suits brought by a competitor and a resident of the neighborhood, denying status of the former but allowing such actions by the latter, would have no logical or constitutional foundation.
Indeed, if Kornfeld, as it is interpreted by the majority, is applied beyond the liquor licensing field, the effect on those seeking review, for example, in banking board appeals and zoning cases would be catastrophic. And, in many decisions, standing to seek review of a board's favorable action has been presumed in appeals by third parties, including competitors. See, e. g., Snyder v. Lakewood, Colo., 542 P.2d 371 (1975); Academy Boulevard Bank v. Banking Board, 30 Colo.App. 331, 492 P.2d 76 (1971). Absent a direct holding from the Supreme Court as to denial of standing to attack a board or commission's favorable action, I feel we should proceed cautiously through these troubled waters.
I would reach the merits of this appeal. There being ample evidence in the record to support the local licensing authority's actions, the district court properly upheld them. Big Top, Inc. v. Hoskinson, 158 Colo. 400, 407 P.2d 26 (1965). Therefore, because the practical result would be the same as that reached by the majority if we reached the merits, I am specially concurring rather than dissenting.