## No. 79SA64

**In the Matter of the Organization of a Regional Service Authority to be Known as the "Metropolitan Council"; Michael R. Moore, King D. Shwayder and Noreen Ogden v. Board of County Commissioners of the County of Jefferson; Board of County Commissioners of the County of Adams; Board of County Commissioners of the County of Arapahoe; and Frank D. Burgess, Mildred Janowitz and Bruce M. Dixon**

(618 P.2d 1105)

Decided May 19, 1980.

502

Johnson & Reed, Raymond C. Johnson, for appellants.

Patrick R. Mahan, for Board of County Commissioners of the County of Jefferson.

S. Morris Lubow, for Board of County Commissioners of the County of Adams.

McMartin, Burke, Loser & Fitzgerald, P.C., Ronald S. Loser, James S. Russell, for Board of County Commissioners of the County of Arapahoe.

Earl L. Dazey, Douglas County Attorney for appellees and cross appellants, Frank D. Burgess, Mildred Janowitz and Bruce H. Dixon.

*En Banc.*

JUSTICE LEE delivered the opinion of the Court.

This appeal involves the priority of proceedings for the formation of regional service authorities under the Service Authority Act of 1972, section 32-7-101 *et seq.*, C.R.S. 1973. The Denver District Court held that it had no jurisdiction under section 32-7-106(1), C.R.S. 1973, to proceed with the formation of a regional service authority which included the City and County of Denver, and the counties of Douglas, Jefferson, Arapahoe, and Adams (Metropolitan District), when a prior proceeding for the formation of a regional service authority for Douglas County (Douglas District) had been commenced in the District Court of Douglas County. We reverse.

On May 4, 1978, a petition was filed in the Douglas County District Court, pursuant to section 37-7-105, C.R.S. 1973, seeking the formation of a regional service authority consisting of Douglas and Elbert Counties, except that portion of Douglas County lying within the corporate boundaries of the City of Littleton. A hearing was held on June 9, 1978, to consider the petition. On June 14, 1978, the district court issued an order, *nunc pro tunc* to June 9, 1978, holding that the petition was not valid under the Service Authority Act of 1972, section 32-7-101 *et seq.* The court found that the petitioners had not shown their entitlement to the appointment of an organizational commission as provided for in the Act, for the reason that five percent of the qualified electors of Elbert County had not signed the petition as required by section 32-7-105(1), C.R.S. 1973. The

court granted petitioners leave to file an amended petition.

On August 21, 1978, an "Amended Petition" was filed for a proposed regional service authority, which excluded Elbert County, to be composed solely of Douglas County, excluding that portion of Douglas County lying within the City of Littleton. The amended petition was signed by only three individuals; no supporting petitions signed by five percent of the qualified electors of Douglas County requesting the formation of a single county (Douglas) service authority were filed with the petition.

It is undisputed that the Douglas County District Court has never set a date for a hearing on the amended petition. When appellants in the action now before us requested that court to dismiss the action, the court refused to do so, holding that appellants had no standing to make such a request.

On October 18, 1978, a petition was filed in Denver District Court to organize the Metropolitan District, consisting of the City and County of Denver and the Counties of Douglas, Jefferson, Arapahoe, and Adams, excluding the cities of Brighton and Broomfield. The petition was signed by 21,600 "qualified electors." An amendment to the petition was filed on November 1, 1978.

A hearing on the petition was set for November 24, 1978. At that time, the court heard arguments on the objections and motions to dismiss filed by the boards of county commissioners of the Counties of Adams, Jefferson, and Arapahoe, and on a motion to dismiss filed by the three individual objectors (those persons who had signed the "Amended Petition" in Douglas County District Court) and the Douglas County Attorney.

On December 8, 1978, the Denver District Court issued its order dismissing the petition. The court denied the objections based upon (1) the exclusion of Brighton and Broomfield from the regional service authority, (2) the failure of the petitions to state a mill levy, and (3) the counties' allegations that not all signers of the petitions were "qualified electors." The court, however, dismissed the petition because of the alleged pendency of the Douglas District proceeding in the Douglas County District Court.

The court of appeals certified the case to this court, pursuant to sections 13-4-109 and 13-4-110, C.R.S. 1973, and we accepted jurisdiction.

I.

The threshold issue is whether the Denver District Court was without jurisdiction to proceed with the hearing on the petition to form the Metropolitan District. The district court found that the petition filed in the Douglas County District Court was still pending, and involved one of the same counties (Douglas County) as was included in the proposed Metropolitan District. The court held it was therefore without jurisdiction to proceed, citing section 32-7-106(1), C.R.S. 1973:

"When the district court receives a . . . petition signed by the requisite number of qualified electors pursuant to section 32-7-105, for the

initiation of formation of a service authority, no other proceedings shall be commenced or prosecuted in that or any other court for the creation of another service authority involving all or any one of the same counties until the question of formation of such authority . . . has been finally determined . . . ."

■ We agree with the district court that, while a service authority proceeding is pending, no other proceeding which involves one or more of the same counties can be initiated. In this case, however, we conclude that no other proceeding was pending in the Douglas County District Court at the time the petition was filed in the Denver District Court, and, thus, the Denver District Court did have jurisdiction to consider the petition. In reaching this conclusion, we rely on the language in section 32-7-105(2)(b), C.R.S. 1973: "Upon filing of such petition or resolution, the court *shall fix a time* not less than twenty nor more than forty days after the petition or resolution is filed for a hearing thereon. . . ." (Emphasis added.)

As noted previously, the initial Douglas District petition was filed in the Douglas County District Court on May 4, 1978, and a hearing was held on June 9, 1978. The court at that time found the petition invalid and granted petitioners leave to amend. An "Amended Petition" was filed on August 21, 1978. Without addressing the adequacy of that petition, we note that it is undisputed that the Douglas County District Court failed to fix a time for or to hold a hearing on the amended petition within forty days, as required by section 32-7-105(2)(b). There is no evidence that the petitioners, who filed the amended petition, pursued the formation of the district or that the court took any further action whatsoever as mandated by the Act.

■ The forty-day time limitation in section 32-7-105(2)(b) is jurisdictional and compliance therewith is mandatory. When the court fails to fix a time for a hearing within forty days after the petition is filed, the court loses jurisdiction. *See Ft. Col. Wtr. Dist. v. Ft. Collins,* 174 Colo. 79, 482 P.2d 986 (1971). Thus, by failing to act on the petition within the jurisdictional time limits, the Douglas County District Court lost jurisdiction over the petition filed in that court.

■ Our interpretation of the initial district court function in the creation of regional service authorities is supported by the legislative declaration of public policy set forth in section 32-7-102 of the Act:
". . . It is further declared that the orderly formation and operation of regional service authorities providing authorized functions, services, and facilities and exercising powers granted by this article will serve a public use and will promote the health, safety, security, and general welfare of the inhabitants thereof and the people of the state of Colorado. It is further declared to be the policy of the state of Colorado to encourage the utilization of single service authorities to provide those functions, services,

and facilities which transcend local government boundaries, thus reducing the duplication, proliferation, and fragmentation of local governments, and encouraging establishment of efficient, effective, and responsive regional government. To these ends, this article shall be liberally construed." Implicit in the policy, which encourages the creation of single service authorities transcending local government boundaries in the interest of more efficiently providing services to the inhabitants thereof, is the intention that the formation of such an authority may not be frustrated by the prior filing of a petition involving one of the same counties, in the same or in any other court, which then is allowed to become dormant and thus effectively to constitute a bar to the creation of any regional service authority.[1] To hold otherwise would counter the liberal construction mandated by the Act.

## II.

The boards of county commissioners have cross-appealed from the Denver District Court's adverse rulings to their objections, based on the exclusion of Brighton and Broomfield from the proposed authority, the failure of the petition to state a mill levy, and the court's interpretation of the phrase "qualified elector." Petitioners, however, contend that the boards of county commissioners have no standing to appeal from the rulings of the district court on their objections to the petition for formation of the regional service authority. We agree.

Initially, we observe that the power to create a service authority originates in section 17 of Article XIV of the Colorado Constitution. The legislature is specifically vested with the power to provide for the organization of such an authority. Thus, the method by which the creation of the service authority is to be accomplished is a decision within the discretion of the General Assembly, subject only to constitutional restrictions and limitations.

In enacting the Service Authority Act, the legislature provided two methods by which the formation of a service authority may be initiated: by petition of the requisite number of qualified electors, or by resolution adopted by a majority of the governing bodies of the counties and municipalities having territory within the boundaries of the proposed service authority. The formation here involves only the petition method.

Although the Act contains no express provisions for the filing of objections to a petition or resolution for the formation of a service authority, it is clear that such was within the legislative contemplation when it provided for notice and a public hearing of the pendency of a petition or

---

[1] Adequate political accommodation for those who may oppose the formation of a multigovernmental unit service authority lies in the option to refuse to sign or support such a petition, and later in the right to vote against the creation of the district as provided by section 32-7-109, C.R.S. 1973.

resolution for the formation of the authority. Nonetheless, even though the Act requires a public hearing, we do not consider it to be of an adversary nature in view of the court's limited function, inasmuch as the Act only requires the court to determine "whether the requisite number of qualified electors has signed said petition or whether a resolution has been adopted by the requisite number of counties and municipalities." (Subsection (2)(b) of section 32-7-105.) If it appears to the court that the "petition or resolution conforms with the requirements of section 17 of article XIV of the state constitution and this article," the court shall appoint an organizational commission. (Subsection (3) of section 32-7-105.) The court is not granted any general jurisdiction to review the merits of the petition. *Compare* section 32-2-107(3), C.R.S. 1973 (1979 Supp.); section 32-3-108(3), and section 32-4-107(2), C.R.S. 1973. Further, the Act does not designate "parties," "aggrieved persons," or "parties in interest." Nor does it provide for appellate review of the findings of the district court in determining the sufficiency of a petition or a governmental resolution. Had the legislature intended the hearing to be of an adversary nature with designated parties and right of appellate review, it would have so provided. *See Kornfeld v. Perl Mack Liquors,* 193 Colo. 442, 567 P.2d 383 (1977). *See also Enos v. District Court,* 124 Colo. 335, 238 P.2d 861 (1951); *Friesen v. People,* 118 Colo. 1, 192 P.2d 430 (1948).

■ Because the Act confers a right on the petitioners to form a regional service authority, the petitioners have the right to an appellate review of an adverse judicial determination of the sufficiency of the petition. By the same token, counties or municipalities as the proponents of a resolution for formation of a service authority would have a similar right to appellate review of an adverse finding concerning the sufficiency of the resolution for formation.

■ However, since there are no adversary participants in the petition formation process, the counties and municipalities have no standing to challenge the court findings on the sufficiency of a petition; nor would citizens, as qualified electors, have standing to challenge by appellate review the findings on the sufficiency of the resolution formation process.

This holding limiting the right of appellate review is supported by section 32-7-109(5) of the Act, which provides:

"The entry of an order forming a service authority shall finally and conclusively establish its regular formation against all persons *except the state of Colorado,* in an action in the nature of quo warranto, commenced by the attorney general within thirty days after entry of such order, and not otherwise. *The formation of the service authority shall not be directly or collaterally questioned in any suit, action, or proceeding, except as expressly authorized in this section.*" (Emphasis added.)

*Accord,* sections 32-2-107(7), 32-3-108(8), 32-4-107(8), C.R.S. 1973, and section 32-5-307(2), C.R.S. 1973 (1979 Supp.).

Accordingly, we reverse the holding of the Denver District Court that it was without jurisdiction to consider the petition. We remand the cause to the district court for further proceedings pursuant to the Service Authority Act of 1972.