**MONROE INDUSTRIAL BANK, a Colorado banking corporation, Plaintiff-Appellant,**

v.

**Harry BLOOM, State Banking Commissioner, Norman P. Dubois, Joel H. Wiens, Thomas J. Wiens, and Colorado Industrial Bancorporation, Defendants-Appellees.**

No. 81CA0775.

Colorado Court of Appeals, Div. II.

June 24, 1982.

Jerald J. Devitt, William B. Lucas, Golden, for plaintiff-appellant.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sol. Gen., Richard H. Goldberg, Asst. Atty. Gen., Denver, for defendant-appellee Harry Bloom.

Eason, Sprague & Wilson, Eugene M. Sprague, Robert G. Wilson, Jr., Denver, for defendants-appellees Norman P. Dubois, Joel H. Wiens, Thomas J. Wiens, and Colorado Indus. Bancorporation.

STERNBERG, Judge.

Monroe Industrial Bank protested the issuance of an industrial bank charter to defendants Norman P. DuBois, Joel H. Wiens, and Thomas J. Wiens. The district court upheld the action of the defendant bank commissioner in issuing the charter, and Monroe appeals. Section 11–2–105, C.R.S. 1973. We affirm.

■ The principal contention of error is that the individual applicants did not disclose in their application that it was likely that after issuance of the charter a transfer of the stock would be made to a holding company, the defendant, Colorado Industrial Bank Corporation. The statute in question, § 11–22–102(3)(a)(II), C.R.S. 1973 (1981 Cum.Supp.), requires only that the application list the subscribers to the stock. We read no requirement into the statute that the application also disclose what may or may not be a firm future intention to transfer ownership of some or all of the stock to another entity. *See Academy Boulevard Bank v. Banking Board*, 30 Colo.App. 331, 492 P.2d 76 (1971). We note, in this regard, that § 11–22–102(3)(a)(II), C.R.S. 1973 (1981 Cum.Supp.) requires approval of the banking commissioner should there actually be a future transfer of ownership of the shares of stock prior or subsequent to issuance of the charter. Section 11–22–109(2)(b), C.R.S. 1973 (1981 Cum.Supp.) (amended in 1982 by Senate Bill 91).

■ Plaintiff also asserts as error the lack of an evidentiary foundation for the commissioner's conclusions concerning the volume of business and profitability of this industrial bank. We conclude there was sufficient evidence in the record to serve as basis for the commissioner's conclusions in this regard; thus, they must be sustained on review. *Goldy v. Henry*, 166 Colo. 401, 443 P.2d 994 (1968); *Walton v. Banking Board*, 36 Colo.App. 311, 541 P.2d 1254 (1975).

The other contentions of error are without merit.

Judgment affirmed.

PIERCE and BERMAN, JJ., concur.