Barnes and Armbruster, Appellants, *v.* Scranton Poor District.

Argued March 10, 1932.

Before Trexler, P. J., Keller, Gawthrop, Cunningham, Baldrige, Stadtfeld and Parker, JJ.

*C. H. Wells, 3rd*, of *Wells, Mumford and Stark*, for appellants.

*S. Augustus Davis*, for appellees.

Opinion by Gawthrop, J., May 4, 1932:

Defendant poor district advertised for bids for the erection and construction of an electrical line to connect the inside emergency lighting unit of its mental hospital with the line of the Abington Electric Company. Four bids were submitted, the lowest being that of plaintiffs for $1,250, and the next lowest being that of W. S. Hammerman for $1,295. After considering the bids the contract was awarded to Hammerman. Whereupon, plaintiffs filed this bill to enjoin letting the contract to Hammerman because he was not the lowest responsible bidder, and to obtain a mandatory injunction directing defendant to award the contract

to plaintiffs. The court below refused to grant the relief prayed for and dismissed the bill. Plaintiffs have appealed and the only assignment of error is to the final decree.

The bill contains no allegation of fraud or misconduct on the part of the poor directors, the sole reason alleged for equitable relief being that plaintiffs' bid "was the lowest bid submitted and that they were the lowest responsible bidders." There is no clear finding by the court below that plaintiffs were "the lowest responsible bidder," as that term is defined in familiar cases. See Wilson v. New Castle City, 301 Pa. 358, and cases there cited. The court below said: "While plaintiff proves itself the lowest responsible bidder, the directors gave as reasons for awarding the contract as they did, both the fact that they had previously had work done by the plaintiff and the successful bidder and the successful bidder's work was more satisfactory; and the further fact that if the contract is awarded to the successful bidder, there will be an undivided responsibility in the successful bidder for both the outside and inside wiring, and they will be able to place the responsibility if anything goes wrong with the work." It seems clear that by the words "plaintiff proves itself the lowest responsible bidder," the court meant merely that plaintiffs proved that they were the lowest bidder pecuniarily able to carry out the provisions of the contract. This "is not sufficient of itself to defeat the letting. The burden is on one assailing such act to show that the lowest bidder is a responsible bidder within the meaning of the term, and that the municipal officers abused the discretion lodged in them." (Wilson v. New Castle City, supra.) Courts should not be zealous to interfere with letting contracts, unless they are satisfied that the public has been made to suffer, either through fraud or bad faith or careless attention to business. The presumption is that the acts of executive officers are done for public

good. When their actions are challenged, the burden of showing to the contrary rests on those asserting it, and it is a heavy burden; courts can and will interfere only when it is made apparent that discretion has been abused: Hibbs v. Arensberg, 276 Pa. 24. On this point the present case is strikingly similar in its facts to Hiorth v. Chester City, 282 Pa. 387, in which the Supreme Court said: ''What the law requires is the exercise of a sound discretion.'' We cannot say that these poor directors capriciously selected Hammerman's bid, or that they abused their discretion.

But in our view the decree must be sustained for another reason. Appellants rely on the Act of May 1, 1913, P. L. 155, as requiring defendants to advertise for bids for doing the work and to award the contract to the lowest responsible bidder. That act provides that it shall be the duty of the person or persons authorized to enter into contracts for the erection, construction or alteration of any *public building,* when the entire cost of such work shall exceed $1,000, to receive separate bids for the plumbing, heating, ventilating and electrical work and to award the contract for the same to the lowest responsible bidders for each of said branches. Clearly this act has no application to the present case because it was not alleged or proved that the electric line was being constructed as a part of a public building. We may add that our attention has been called to no other statute, and we have found none, which required defendant to advertise for bids for the work here involved. Further discussion is not necessary or desirable. The court below reached the proper conclusion.

The decree is affirmed at appellants' costs.