FRED C. McCLEAN HEATING SUPPLIES, INC. *vs.* SCHOOL BUILDING COMMISSION OF SPRINGFIELD

Hampden.    September 28, 1960. — November 4, 1960.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, & CUTTER, JJ.

*Public Works.    Contract,* For public works, Bidding for contract.

A subbid for the heating and ventilating work on a public construction project, in which the subbidder was required to indicate a deductible sum for omitting certain work denoted "Alternate B," was not "incom-

plete" and did not contain an "addition not called for" within G. L. c. 149, § 44H, inserted by St. 1956, c. 671, § 1, by reason of leaving blank the space opposite "Alternate B" and the insertion of a figure in the space immediately above opposite "Alternate A," which related to certain additional work to be done only under the electrical subcontract; and the awarding authority might properly disregard the obvious clerical error and treat the inserted figure as applying to "Alternate B" and the subbid as valid.

PETITION for a writ of certiorari, filed in the Superior Court on April 6, 1960.

The case was heard by *Vallely, J.*

*Joseph M. Corwin,* for the petitioner.

*John J. O'Connor,* Associate City Solicitor, for the respondent.

WILKINS, C.J.   The petitioner appeals from an order dismissing its petition for a writ of certiorari. G. L. c. 213, § 1D, as amended by St. 1957, c. 155.   The purpose of the petition is to quash the action of the respondent school building commission of the city of Springfield in treating as valid a subbid of West Side Heating Co. Inc. for heating and ventilating work on the North Branch Parkway School.

The case was heard upon the petition and return.   The respondent was the awarding authority under the procedure provided in G. L. c. 149, §§ 44A–44L, as appearing in St. 1956, c. 679, § 1.   The subbid of West Side in the amount of $92,200 was the lowest.   That of the petitioner in the amount of $96,768 was the second lowest.   The specifications required that a price be submitted for the omission of certain work as "Alternate B."   West Side submitted a deduction of $6,236 for "Alternate A," and left blank the space immediately below for use for "Alternate B."   "Alternate A" applied only to a subcontract for electrical work and was intended for an addition to the bid price for certain work.   The petitioner submitted a deduction of $7,100 for "Alternate B" and wrote "None" for "Alternate A."

The respondent included both names in the list of subbidders required by G. L. c. 149, § 44H, inserted by St. 1956, c. 679, § 1, to be mailed to general contractors who were "on record as having taken a set of plans and specifications,"

and showed the West Side deduction as one for "Alternate B." The respondent later voted to award the general contract to the low bidder, J. G. Roy & Sons Co., and to eliminate "Alternate B" in the subcontract for heating and ventilating work.

Section 44H also provides that the awarding authority "shall reject every sub-bid . . . which is on a form not completely filled in, or which is incomplete, conditional or obscure, or which contains any addition not called for." The petitioner contends that the West Side subbid was "incomplete" in having no figure for "Alternate B" and in containing an "addition not called for" by reason of the presence of a figure for "Alternate A." This argument inherently carries its own refutation. There was an obvious clerical error which deceived no one. As "Alternate A" had no application to the heating and ventilating subcontract, and was intended as an addition on another subcontract, the submission of a deduction for it was meaningless. With the space left blank opposite "Alternate B" the figure submitted as a deduction was reasonably understood to have been for that alternate which was alone pertinent.

The legislative intent to protect the public (*Grande & Son, Inc.* v. *School Housing Comm. of No. Reading,* 334 Mass. 252, 258) does not require that § 44H be given the harsh and unreasonable construction which would be necessary to strike down the West Side subbid. Our earlier decisions do not support the petitioner. In *Gifford* v. *Commissioner of Pub. Health,* 328 Mass. 608, the general contractor changed a subbid. In *East Side Constr. Co. Inc.* v. *Adams,* 329 Mass. 347, the subbidder selected, the general contractor, had filed no subbid. In the *Grande* case the subbid was for a different performance from that described in the specifications. See *Loranger* v. *Martha's Vineyard Regional High Sch. Dist. Sch. Comm.* 338 Mass. 450; *John D. Ahern Co. Inc.* v. *Acton-Boxborough Regional Sch. Dist.* 340 Mass. 355.

*Order affirmed.*