FRANCIS J. DEARY & others *vs.* TOWN OF DUDLEY.

Worcester.   September 26, 1961. — November 17, 1961.

Present: WILKINS, C.J., SPALDING, WILLIAMS, WHITTEMORE,
& KIRK, JJ.

*Public Works. Municipal Corporations,* Contracts. *Building. Sewer. Contract,* Bidding for contract. *Words,* "Building."

A town which, through its sewer commissioners, advertised for bids for the installation of sewers in accordance with a by-law providing for invitation of bids by an advertisement reserving to the town "the right to reject any or all" of the bids was not required to award the contract to the lowest responsible bidder in the absence of any provision in the by-law prescribing such an award.   [193–194]

A sewer is not a "building" within the meaning of that word in G. L. c. 149, § 44A, as amended, respecting bidding for contracts for construction of any "public building."   [194]

PETITION, filed in the Superior Court on August 8, 1960.

The suit was heard by *Meagher,* J. on demurrer.

The case was submitted on briefs.

*Harry Zarrow,* for the petitioners.

*Philip H. Breen & William H. Cassidy,* for the respondent.

SPALDING, J. The petitioners, fifteen taxable inhabitants of the town of Dudley, bring this petition under G. L. c. 40, § 53.

The averments of the petition are as follows: The respondent town, through its sewer commissioners, on June 2 and June 9, 1960, caused an invitation for bids to be advertised in connection with the proposed installation of sewers (called contract #14) on Pattison Avenue, Conant Avenue, and Hall Road in the town. On June 16, 1960, bids (two in number) duly received in conformity with the invitation were opened, and it appeared that one was by LaPlante Bros. for $36,862, and the other was by Leo Bros., Inc., for $38,707.50. On July 26 the town, through its sewer commissioners, awarded contract #14 to Leo Bros., Inc., whose bid exceeded that of LaPlante Bros. by $1,845.50. The town had on prior occasions awarded contracts to LaPlante Bros., which is and has been a responsible contractor, for the installation of sewers. Article 6, § 9, of the town's by-laws, which was in force at all times here material, provides that no contract for construction work, the estimated cost of which amounts to $300, shall be awarded unless proposals have been invited by advertisement in a prescribed manner. The advertisement among other things "shall reserve for the town the right to reject any or all of such proposals." In their prayer for relief the petitioners asked that the respondent be restrained "from disbursing any funds . . . to Leo Bros., Inc. for the performance of contract #14."

The respondent demurred on the ground that the petitioners had not stated a case that would entitle them to relief. An interlocutory decree was entered sustaining the demurrer and containing the statement "no further amendment allowed." Thereafter a final decree was entered dismissing the petition, from which the petitioners appealed.

The demurrer was rightly sustained. There was no provision in the by-law mentioned above that the contract must

be awarded to the lowest responsible bidder. On the contrary the by-law expressly provides that the advertisement for bids "shall reserve for the town the right to reject any or all . . . [bids]." There is no allegation in the petition, nor shall we assume, that the advertisements in connection with contract #14 failed to conform with this provision. See *Roman Catholic Archbishop of Boston* v. *Board of Appeal of Boston,* 268 Mass. 416, 418. Thus under its advertisement for bids the town reserved the right to reject any and all bids. It was, therefore, not obliged to award contract #14 to LaPlante Bros. even though it was the lowest bidder. See *Larkin* v. *County Commrs. of Middlesex,* 274 Mass. 437, 439–440. "In the absence of the not unusual provision requiring contracts to be awarded to the lowest responsible bidder such a requirement is not to be implied, but it is to be inferred that the awarding of contracts is left to the reasonable judgment of the municipal officers charged with the responsibility therefor." *Archambault* v. *Mayor of Lowell,* 278 Mass. 327, 332.

The petitioners are not aided by G. L. c. 149, § 44A, as amended. This, so far as material, reads, "Every contract for the construction, reconstruction, alteration, remodeling, repair or demolition of any *public building* by the commonwealth or by any governmental unit[1] thereof . . . shall be awarded to the lowest responsible and eligible general bidder on the basis of competitive bids" (emphasis supplied). It will be noted that the statute applies to a "public building." The word "building" must be given its ordinary meaning and cannot be stretched to include a sewer. G. L. c. 4, § 6. See *Nowell* v. *Boston Academy of Notre Dame,* 130 Mass. 209, 210. Confirmation for this construction may be found in § 44C which enumerates types of work which could apply only to buildings.[2]

*Interlocutory decree affirmed.*

*Final decree affirmed.*

---

[1] "Governmental unit" was defined in § 44A as including "every county, city, town, district, board, commission and other public body."

[2] Section 44A in its original form (1939 Senate Doc. No. 272) contained the words "public work" but as enacted (St. 1939, c. 480) the words "public building" were substituted.