GOSSELIN'S DAIRY, INC. *vs.* SCHOOL COMMITTEE OF HOLYOKE.  March 1,
1965.  Order for judgment affirmed.  A judge of the Superior Court
ordered that a writ of certiorari to review action of the school committee
be dismissed.  Gosselin's Dairy, Inc. (Gosselin's) appealed.  The commit-
tee advertised for written bids to supply milk during the school year,
1964–1965, reserving the right to reject any bids.  Gosselin's, which has
its principal office in Chicopee, submitted a bid estimated to cost the city
$65,650.  The award was made to a firm, which submitted a bid estimated
to cost the city $67,210.  That firm was "located in Holyoke."  The sole
question is whether the award must be to the lowest responsible and
eligible bidder because of G. L. c. 30, § 39M (inserted by St. 1963, c. 842,
§ 1, entitled "An Act to require that all contracts for construction and for
materials be awarded to the lowest responsible and eligible bidder, and to
assure full competition in the taking of bids for such contracts").  In
context § 39M (e) defining "material" as "any article, assembly, system,
or any component part thereof," must be interpreted as referring only to
materials used in the construction, alteration, or repair of any public
work.  See 1963 Senate Doc. No. 563 and House Doc. No. 3470.  The
balance of § 39M is principally devoted to public works construction.
We hold that this award was governed by G. L. c. 40, § 4B (as amended
through St. 1960, c. 592, § 1), which refers to contracts "for the purchase
of equipment, supplies or materials" and does not require award to the
lowest responsible bidder.  The arguments advanced by Gosselin's, to
show that in the public interest a requirement like that in § 39M should
apply to municipal purchases of supplies like milk, must be addressed to
the Legislature.  We hold that by § 39M the Legislature as yet has not
imposed such a requirement.
*William C. Flanagan* for the petitioner.
*Ralph J. Chouinard,* City Solicitor, for the respondent.