GIL-BERN CONSTRUCTION CORP. *vs.* CITY OF BROCKTON & another.[1]

Plymouth.   December 5, 1967. — January 5, 1968.

Present: WILKINS, C.J., WHITTEMORE, KIRK, SPIEGEL, & REARDON, JJ.

*Public Works. Contract,* Building contract, Bidding for contract. *Municipal Corporations,* Contracts.

A municipal contract for the site grading and the construction of water, sewer and drainage facilities in connection with and necessary for a new school building was a "contract for the construction . . . of . . . [a] public building" within G. L. c. 149, § 44A. [505]

Failure of the lowest eligible bidder on a public construction project subject to G. L. c. 149, §§ 44A–44L, to submit a construction progress schedule with his bid as required by the "Information for Bidders" was a minor deviation from the published requirements which the awarding authority could lawfully waive where it appeared that submission of such schedule with the bid was not required by the statute, that the bidder submitted a satisfactory schedule before the contract was awarded to him, that the contract was not changed by reason of the delay in submitting the schedule, and that the public was not injured in any way. [506–507]

BILL IN EQUITY filed in the Superior Court on August 23, 1966.

The suit was reported by *Forte,* J., without decision.

*Richard L. Seegel* for the plaintiff.

*George W. Gold* for Northgate Construction Corp.

*Ralph G. Silverstein,* Assistant City Solicitor, for the City of Brockton.

───────

[1] Northgate Construction Corporation (Northgate).

KIRK, J. This bill for declaratory relief under G. L. c. 231A, § 1, was brought in the Superior Court on a case stated and reported to this court without decision. G. L. c. 214, § 31. We summarize relevant parts of the case stated which incorporates by reference numerous exhibits.

In July, 1966, the city advertised for bids for the "Site Preparation Contract" for the Brockton High School. The work contemplated by the contract covered site grading, and the construction of water, sewer and drainage facilities. The invitation reserved to the city the right to waive any informality in or to reject any or all bids and to accept the bid deemed to be in the best interests of the city. A booklet entitled, "Contract and Specifications for Brockton High School Site Preparation Contract," was made available to all prospective bidders by the city. Under the heading "Information for Bidders" in a subsection entitled "Notice of Special Conditions" appears the following statement: "The Contractor shall prepare and submit a network analysis of a construction progress schedule with his proposal. This method of analysis is generally referred to as the Critical Path Method (CPM)."

Both Gil-Bern and Northgate bid on the project. Northgate's total price bid of $587,345 was the lowest bid. Gil-Bern's total price bid of $619,405 was next lowest. Gil-Bern submitted a CPM with its bid; Northgate did not. The sealed bids were opened on August 10, 1966. On August 12, Northgate submitted to the city's consulting engineers a CPM which was not wholly satisfactory. On August 15, it submitted a modified CPM which was accepted by the engineers who recommended to the mayor that the contract be awarded to Northgate. Thereafter, on August 18, the mayor of Brockton in good faith waived the requirement that Northgate file its CPM with its bid and, deeming it in the best interests of the city, awarded the contract to Northgate. Although the mayor would not have awarded the contract to Northgate if Northgate had not filed the CPM before the contract was made, he attached no particular importance to the filing of the CPM with the bid.

He considered the CPM "as but one of the methods by which the engineers and architects could evaluate or determine the capability of a bidder; also, to display how a bidder proposed to handle the project, and how he intended to schedule his work so that he would be finished within the 180 working days as provided for in the Contract."

The issues are whether the contract was subject to G. L. c. 149, §§ 44A–44L, and whether the contract should have been awarded to Gil-Bern as the "lowest responsible and eligible general bidder." G. L. c. 149, § 44A.

1. Northgate's argument that the contract is not subject to G. L. c. 149, § 44A, is untenable. The argument is based on *Deary* v. *Dudley*, 343 Mass. 192, 194, where we held that § 44A, which by its terms governs "[e]very contract for the construction, reconstruction, alteration, remodeling, repair or demolition of any public building," did not apply to a contract awarded by the town sewer commissioners for the installation of sewers in streets in the town. The contract before us is readily distinguishable from that in *Deary* v. *Dudley*. The work called for in the contract under consideration obviously was to be done in connection with the construction of a public building, the Brockton High School, and was a necessary phase of the construction. Giving the words of the statute their ordinary meaning (G. L. c. 4, § 6) we think that this contract for appurtenances to a building is a "contract for the construction . . . of any public building."[2]

2. The second issue must be discussed in greater detail. General Laws, c. 149, § 44A, requires that contracts subject to that section be awarded to the lowest "responsible and eligible" bidder. Both corporations are concededly "competent and qualified." If Northgate is not "responsible and eligible," the contract should not have been awarded to it. The only objection to Northgate's eligibility is based on its failure to include a CPM with its bid. In matters

---

[2] We note that the specifications for the contract issued by the city declared that the contract was subject to G. L. c. 149. While this declaration may not be conclusive in law it strongly indicates that the city intended, and Northgate accepted, the contract as one for appurtenances to a public building.

of substance there must be strict compliance with the requirements of c. 149. *Gifford* v. *Commissioner of Pub. Health,* 328 Mass. 608, 617. *East Side Constr. Co.* v. *Adams,* 329 Mass. 347, 350–351. *Grande & Son, Inc.* v. *School Housing Comm. of No. Reading,* 334 Mass. 252, 258. *Chick's Constr. Co. Inc.* v. *Wachusett Regional High Sch. Dist. Sch. Comm.* 343 Mass. 38, 41. On the other hand, minor or formal deviations from requirements do not compel rejection of the bid, *Chick's Constr. Co. Inc.* v. *Wachusett Regional High Sch. Dist. Sch. Comm.* 343 Mass. 38, 41, and cases cited, although the bid may be rejected if the awarding authority so chooses. *Builders Realty Corp. of Mass.* v. *Newton,* 348 Mass. 64, 67.

The question before us is thus reduced to whether the failure to include a CPM with the bid is a substantial deviation from the published requirements. The provision in the invitation for bids that a CPM be submitted with the bids was not required by the statute. G. L. c. 149, §§ 44A–44L. Specifically, a CPM is not a plan of the type made optional with the awarding authority under § 44C. Further, it is difficult to see how the time of submission of the CPM could affect the total price bid of any of the bidders. Unlike *Grande & Son, Inc.* v. *School Housing Comm. of No. Reading,* 334 Mass. 252, 257, the city has not changed any of the contract specifications. The provisions in the contract requiring work progress to be completed in phases and within the scheduled times, resulting in the completion of the whole project in 180 working days, were unchanged. Whether Northgate submitted a graphic representation of the schedule with the bid, or before the award of the contract, is immaterial if the city was content. Northgate's obligation under the contract in either event would remain unchanged. Finally the public has not been injured in any way. (But see *Gifford* v. *Commissioner of Pub. Health,* 328 Mass. 608, 616, where this fact, because of the substantial nature of the deviation from the statute, was irrelevant.) The lowest bidder has been awarded the contract and is willing and able to perform it. For these

reasons, we conclude that Northgate's failure to supply a CPM with its bid was a minor deviation which the awarding authority could lawfully waive.

3. A final decree will be entered declaring that the Brockton High School Site Preparation Contract was properly awarded to Northgate Construction Corporation and that Gil-Bern Construction Corp. has no interest in that contract.

*So ordered.*