GRANT CONSTRUCTION CO. OF R. I. *vs.* CITY OF NEW BEDFORD & others. September 24, 1973. By this bill in equity the plaintiff seeks to prevent the city of New Bedford, a defendant, from awarding a construction contract to Medeiros and Smith Construction, Inc. (Medeiros), a second defendant. Both the plaintiff and Medeiros bid on the contract in question, Medeiros' bid of $92,646 being the lower by some $4,000. The city of New Bedford proceeded to award the contract to Medeiros, but the plaintiff challenged Medeiros' bid as irregular in two respects: First, Medeiros did not formally acknowledge receipt of addendum No. 1 to the bid specifications. Second, Medeiros inadvertently misquoted the unit price of one item (the total amount quoted for the item was, however, correct as were all other figures, including the total amount of the bid). The plaintiff argued that these errors rendered Medeiros' bid incomplete, conditional and obscure within the meaning of G. L. c. 149, § 44F; it contended that the city of New Bedford had no choice but to reject the bid. The court below ruled that Medeiros' failure to acknowledge receipt of addendum No. 1 invalidated its bid and decreed that the contract be awarded to the plaintiff. We disagree. Even assuming that this contract falls within the purview of c. 149, the city's decision to accept Medeiros' bid did not violate the requirements of that statute. The relevant standard for dealing with irregularities in bidding under c. 149 has been summarized by the Supreme Judicial Court as follows: "[I]n matters of substance there must be strict compliance with the requirements of G. L. c. 149 . . . . Under our decisions rejection of the . . . [low] bid would have been justified because on its face it did not comply with the requirements of the statute. On the other hand, minor deviations from requirements will not require rejection of a bid." *Chick's Constr. Co. Inc.* v. *Wachusett Regional High Sch. Dist. Sch. Comm.* 343 Mass. 38, 41 (1961). In light of the small and insignificant cost of the items covered by the addendum, Medeiros' failure to acknowledge receipt of the addendum was a minor deviation which did not preclude the city from accepting the bid. The court below did not rule on the significance of Medeiros' price misquotation, nor did the plaintiff raise this issue on appeal. But we note in passing that a minor clerical error of this nature has been held not to require rejection of a bid. *John D. Ahern Co. Inc.* v. *Acton-Boxborough Regional Sch. Dist,* 340 Mass. 355 (1960). *Fred C. McClean Heating Supplies, Inc.* v. *School Bldg. Commn. of Springfield,* 341 Mass. 322 (1960). The decree of the Superior Court is reversed and a decree is to be entered in conformity with this opinion.

*So ordered.*

The case was submitted on briefs.

*Patrick H. Harrington* for Grant Construction Co. of Rhode Island.

*Paul Mathieu,* City Solicitor, for the city of New Bedford & *Edwin Livingstone, Jr.,* for Medeiros and Smith Construction, Inc.