STANLEY ROKETENETZ, INC. *vs.* TOWN OF STONEHAM & others. February 6, 1975. This is a bill for declaratory relief challenging the validity of the bid of the defendant Cotoni made in response to an invitation of the defendant board of health (board) for bids for the collection of garbage in the town of Stoneham over a three-year period. The plaintiff contends that the bid was deficient in two respects. The Superior Court in its final decree declared (among other things) Cotoni to be a qualified and eligible bidder. There was no error. 1. The contention of the plaintiff that Cotoni failed to furnish references as required by the bid specifications is without merit. 2. Assuming the bid specifications required a bidder to deliver a bankbook "in the full sum of the contract price", i.e. the three-year total, as an alternative to providing a performance bond (the form of the agreement required to be executed by the successful bidder provided that such bidder "shall furnish each and every year . . . a surety company bond in the penal sum satisfactory to . . . [the town]"), it was within the power of the board to waive strict compliance with that requirement and to accept Cotoni's offer to furnish a bankbook "for the full sum of the contract price per year." See *Gosselin's Dairy, Inc. v. School Comm. of Holyoke,* 348 Mass. 793 (1965). See also *Grant Constr. Co. of R. I. v. New Bedford,* 1 Mass. App. Ct. 843 (1973), and cases cited therein. Furthermore, the board was acting within its power when it reserved in its bid specifications "the right to reject any and all bids, or to accept any bid, should it be deemed in the best interest of the town to do so." *Larkin v. County Commrs. of Middlesex,* 274 Mass. 437, 439-440 (1931).

*Decree affirmed.*

*Norman Kerman (Stanley P. Roketenetz, Jr.,* with him) for the plaintiff.

*Thomas M. Leahy,* Town Counsel, for the town of Stoneham & others.