SEARS, ROEBUCK & CO. *vs.* SCHOOL COMMITTEE OF
BURLINGTON & another.

Middlesex.    March 18, 1975. — July 30, 1975.

Present: HALE, C.J., GRANT, & ARMSTRONG, JJ.

*Equity Pleading and Practice,* Declaratory proceeding, Demurrer.
  *Contract,* Bidding for contract.  *Municipal Corporations,* Contracts:
  for alteiation or remodeling; for sale of goods.

A demurrer to a bill in equity seeking a declaration that a school com-
    mittee's contract award was invalid under the provisions of G. L.
    c. 149, § 44A, should not have been sustained where the bill set forth
    an actual controversy, the plaintiff had standing to maintain the
    suit, and the school committee's compliance with the applicable stat-
    ute was subject to judicial review, despite the fact that the plaintiff
    may have had an adequate remedy at law.  [400-401]
Where a bill in equity alleged that a school committee advertised for
    bids for the furnishing and installation of carpeting and that the
    school committee violated the provisions of G. L. c. 149, § 44A, in re-
    fusing to award the contract to the plaintiff, which was the lowest
    bidder, it was error for the trial judge to find as matter of law that
    the contract did not call for "alteration" or "remodeling" within the
    meaning of § 44A, but constituted a contract for the supply of goods
    only, since that was primarily a question of fact.  [401-402]
A case arising out of a school committee's failure to award a contract
    to the lowest bidder was not moot, despite performance of the con-
    tract by another, where there was a possibility of recovering reason-
    able bid preparation costs if the plaintiff had been deprived of the
    contract without justification.  [402-403]

BILL IN EQUITY filed in the Superior Court on May 15,
1974.

The suit was heard by *Ponte, J.,* on demurrer.

*David P. Skerry (Charles R. Bennett* with him) for the
plaintiff.

*David Berman,* Town Counsel, for the School Committee of Burlington, submitted a brief.

*Anthony Galluccio,* for the Department of Labor and Industries, amicus curiae, submitted a brief.

ARMSTRONG, J.    On April 9, 1974, the defendant school committee awarded a contract for the furnishing and installation of carpeting in a school to the defendant John Keene, doing business as Keene Carpets Co. (Keene), notwithstanding the lower bid submitted by the plaintiff (Sears). Sears brought this bill in which it sought a declaration that the award was invalid under the provisions of G. L. c. 149, § 44A, an injunction against the performance of the contract, an order that the contract be awarded to Sears, and general relief. The Superior Court sustained a demurrer to the bill on the grounds that it failed to state a claim on which relief could be granted and that the plaintiff had a plain and adequate remedy at law. Thereafter, a final decree entered (1) again sustaining the demurrer without leave to amend, (2) declaring that the award of the contract was governed by G. L. c. 40, § 4B, and not by G. L. c. 149, § 44A-L, and that the award of the contract to Keene was valid, and (3) dismissing the bill. The case is before us on Sears' appeal from the final decree.

The appeal from the final decree brings before us the correctness of the interlocutory decree sustaining the demurrer. *Manufacturing Improvement Corp.* v. *Georgia Pac. Corp.* 362 Mass. 398, 400-401 (1972). The demurrer should have been overruled in view of the declaratory relief sought. *Moskow* v. *Boston Redevelopment Authy.* 349 Mass. 553, 570 (1965), cert. den. 382 U. S. 983 (1966). *Dunphy* v. *Commonwealth,* 368 Mass. 376, 384, fn. 5 (1975). There is no question but that an actual controversy was set forth. *Wolf* v. *Commissioner of Public Welfare,* 367 Mass. 293, 296 (1975). The plaintiff's standing is clear. *Industrial Engr. & Metal Fabricators, Inc.* v. *Poorvu Constr. Co. Inc.* 354 Mass. 287, 290 (1968). The school committee's compliance with the applicable statutes is subject to judicial

review. *Secretary of Environmental Affairs* v. *Massachusetts Port Authy.* 366 Mass. 755, 772 (1975), and cases cited. The existence of a remedy at law, adequate or not, is immaterial. *Fred C. McClean Heating Supplies, Inc.* v. *Westfield Trade High School Bldg. Comm. of Westfield,* 345 Mass. 267, 270 (1962). The bill should not have been dismissed. *Vasilakis* v. *Haverhill,* 339 Mass. 97, 101 (1959).

It follows that the interlocutory decree sustaining the demurrer and those portions of the final decree again sustaining the demurrer and dismissing the bill are in error. The final decree, however, is anomalous, in that it also makes declarations of the rights of the parties wholly dispositive of the case. We turn to an examination of the bill to determine whether the facts alleged by Sears, if established (no answer having yet been filed), would entitle Sears to a more favorable declaration.

The bill alleges that the school committee, on March 8, 1974, advertised for bids for the furnishing of carpeting to be used in the renovation of a certain school. The contract specifications make clear that the contract required not only the furnishing of the carpeting but also its complete installation, wall to wall, cemented to the floor, all to be done by competent workmen furnished by the bidder, and in accordance with detailed standards. On March 27, 1974, the bids were opened. The three lowest bidders were determined to be ineligible for reasons not here contested. The next lowest bidders were Sears ($7,437.40) and Keene ($7,471.50). On April 9 the school committee awarded the contract to Keene, stating that Keene was "a local concern and only $34.00 higher than the low bidder." Following a protest by Sears, and a hearing thereon, the Commissioner of Labor and Industries found, pursuant to G. L. c. 149, § 44K, that the contract was governed by the provisions of §§ 44A-44L, and that the award to Keene violated § 44A, which, in relevant part, states:

"Every contract for the construction, reconstruction, alteration, remodeling, repair or demolition of any build-

ing ... by any governmental unit ... [of the Common-
wealth], estimated to cost ... more than two thousand
dollars ... shall be awarded to the lowest responsible and
eligible general bidder ...."

The bill alleges that the contract is one for the construc-
tion, reconstruction, alteration, remodelling or repair of a
building.

It is clear that if these allegations are true the award of
the contract to Keene violated the provisions of § 44A, as
the Commissioner found, and that Sears would be entitled
to a declaration accordingly. It cannot be said as matter
of law that the installation of wall to wall carpeting by
cementing it to a floor is not "alteration" or "remodeling."
Those are primarily questions of fact. It is conceivable that
there may be contracts to furnish and install in which the
element of installation is so insubstantial in relation to the
total contract as to warrant a finding that the contract is
essentially one for the supply of goods only. In such a case
the provisions of G. L. c. 40, § 4B,[1] might alone govern, and
the awarding of the contract would be "left to the reason-
able judgment of the municipal officers charged with re-
sponsibility therefor." *Archambault* v. *Mayor of Lowell,*
278 Mass. 327, 332 (1932). *Deary* v. *Dudley,* 343 Mass.
192, 194 (1961). But it cannot be said on the allegations
of the bill that this is such a contract. It follows that the
declarations in the final decree are without foundation.

The contention by the school committee that the action
is moot (because the equitable relief sought is no longer
available and the law gives Sears no remedy in damages)

---

[1] "Unless otherwise provided by by-law or special law in towns and
districts, no contract for the purchase of equipment, supplies or mate-
rials, the actual or estimated cost of which amounts to two thousand
dollars or more ... shall be awarded unless ... [specified bidding pro-
cedures are followed]." This section "does not require award to the
lowest responsible bidder." *Gosselin's Dairy, Inc.* v. *School Comm. of
Holyoke,* 348 Mass. 793 (1965).

is not tenable for the reasons stated in *Paul Sardella Constr. Co. Inc.* v. *Braintree Housing Authy. ante,* 326, 331-335 (1975), which had not been decided when the contention was made.

*Interlocutory decree sustaining demurrer reversed.*

*Final decree reversed.*

*Case to stand for trial.*