C & T ASSOCIATES, INC., Plaintiff,

v.

The GOVERNMENT OF NEW CASTLE COUNTY, Defendant.

Court of Chancery of Delaware, New Castle County.

Submitted Aug. 23, 1979.

Decided Sept. 7, 1979.

Revised Oct. 16, 1979.

Richard J. Abrams, Richards, Layton & Finger, Wilmington, for plaintiff.

Catherine S. Mulholland, New Castle County Dept. of Law, Wilmington, for defendant.

HARTNETT, Vice Chancellor.

Plaintiff—C & T Associates, Inc. (C & T) the apparent low bidder on a sewer construction project, seeks preliminary injunctive relief against the awarding of the contract to another. New Castle County proposes to award the contract to the second lowest bidder because it is claimed that C & T did not comply with 29 *Del.C.* § 6911 which requires the listing of subcontractors on public building contracts. For the reasons set forth, I hold that 29 *Del.C.* § 6911 does not apply to this contract and there-

fore preliminary injunctive relief must be granted.

In response to a bid solicitation C & T submitted a proposal which was the apparent low bid at the time of the bid opening. Subsequently, however, C & T learned that its bid had been challenged by First State Enterprise, Inc., the next lowest bidder on the project. Thereafter, C & T was informed by letter that its low bid had been rejected on the grounds that it had failed to comply with the applicable requirements of 29 *Del.C.* § 6911(a) which requires the listing of the names and addresses of those subcontractors whose services it intends to use in performing the proposed work. C & T was also informed that the County intends to award the contract to the next lowest bidder. C & T then commenced this action to enjoin the awarding of the contract to First State. It is conceded that the only possible defect in C & T's bid was the failure to properly list the names of subcontractors.

### I

The legal issue presented is whether or not this sewage system construction project falls within the purview of 29 *Del.C.* § 6911(a), since that section refers only to contracts for public buildings. 29 *Del.C.* § 6911(a) provides:

> § 6911. Contracts for public buildings; listing subcontractors; bidder as subcontractor; substitution of subcontractors; penalties.
>
> Any contract, the probable cost of which exceeds $5,000, for the construction, alteration or repair of any *public building* of the State, or any political subdivision thereof, shall, in addition to the other requirements of this chapter be subject to the following provisions:
>
> (a) *Such contract shall be awarded only to a bidder whose bid is accompanied by a statement containing the names and addresses of the subcontractors whose services the bidder intends to use in performing the work.* No bidder for such a contract shall list himself in any accompanying statement as the subcontractor of any

part of the public building unless the bidder, in addition to being licensed by a general contractor of the State, shall also be recognized in the trade as a subcontractor in and for any such part or parts of such work so listed in such accompanying statement. (emphasis added)

In *Haddock v. Board of Public Education in Wilmington*, Del.Ch., 84 A.2d 157 (1951), this Court, in reviewing the legislative history of 29 *Del.C.* § 6911's predecessor, 38 Del.Laws, c. 171, concluded:

> [T]he sole purpose seems to be the requirement that a general contractor bidding on a public project name the subcontractors who will be used by him in the performance of the work in the event that the contract should be awarded to him. (84 A.2d at 162)

It is clear that the statute makes the naming of subcontractors' a condition precedent to the awarding of the bid. Such a statute is mandatory and never merely discretionary. *Haddock v. Board of Public Education in Wilmington*, supra, at 162. If there is any material defect or omission in the bid required by 29 *Del.C.* § 6911, the contract may not be awarded to the party submitting the defective bid. *Kuhn Construction Co. v. State*, Del.Ch., 366 A.2d 1209 (1976). The statute specifically states that no contract shall be awarded based upon a bid which does not comply with the statute. *Haddock v. Board of Public Education in Wilmington*, supra, at 162. This means that the contract should never be awarded on the strength of a promise that the statutory conditions restricting the very right to accept a bid will be satisfied subsequent to its acceptance. *Kuhn Construction Co. v. State*, supra, at 1214.

C & T, however, takes the position that the contract in issue is not a contract for the construction of a "public building" and therefore is not covered by the requirements of 29 *Del.C.* § 6911. The contract calls for the installation of an underground public sewer system. It is clear that the sewer mains themselves are not public buildings. See *Nikis v. Commonwealth*, Va. Supr., 144 Va. 618, 131 S.E. 236 (1926)

which held that an approach to a bridge was not a "building" and *Mairs v. Stevens,* N.Y.App., 268 App.Div. 922, 51 N.Y.S.2d 286 (1944) which held that a highway was not a "building". The sewer system to be installed, however, also includes a pumping station which is only partially underground; the County claims this pumping station is a public building within the meaning of 29 *Del.C.* § 6911.

II

The meaning of the words "public building" as used in 29 *Del.C.* § 6911 is ambiguous as the word "building" alone can mean many things. See 12 C.J.S., *Building.* "There seems to be no single, restricted, and well-accepted definition of the term [building]." *Great Eastern Casualty Co. v. Blackwelder,* Ga.App., 21 Ga.App. 586, 94 S.E. 843, 845 (1918).

■ The words "public building" may have either a narrow meaning or a broad meaning. A broad meaning of a "public building" includes any building used by the government. See Black's Law Dictionary. A narrow meaning limits a "public building" to a building open to the public. 29 *Del.C.* § 6917. In construing a statute, a word's use in a particular context is more important than a dictionary meaning. *U. S. v. Bradford,* 493 F.2d 1282, 1283–1284 (1974), *cert. den.,* 419 U.S. 834, 95 S.Ct. 60, 42 L.Ed.2d 60 (1974).

In *Barnes v. Scranton Poor District,* Pa. Super., 105 Pa.Super. 149, 160 A. 241 (1932) the term "public building" was ascribed a narrow meaning when used in a statute requiring bidding on public building projects. In *Dancy v. Davidson,* Tex.Civ. App., 183 S.W.2d 195 (1944) the Court held that a "public building" "meant a building used primarily for public or governmental purposes, that is, to house public or governmental agencies."

A case which is similar to the present case is *Deary v. Town of Dudley,* Mass. Supr., 343 Mass. 192, 178 N.E.2d 83 (1961) where the Court held that a sewer was not a "public building". In support of its holding, the Court noted that as originally en-

acted, the statute in question contained the words "public works" rather than "public buildings" and inferred that the Legislature intended a more restricted meaning of "public buildings" when it made the substitution.

■ Chapter 69, Title 29, *Delaware Code,* provides a unified system for bidding on public projects and the words "public works contracts" are used throughout the chapter to indicate projects to be covered by the Act. "Public works contracts" is defined to mean "any contract for the construction, alteration or repair of any public building, road, street, highway or other improvement." 29 *Del.C.* § 6901. The General Assembly, however, limited the scope of 29 *Del.C.* § 6911 to "public buildings" rather than to "public works contracts" when it provided for the mandatory listing of subcontractors. The General Assembly, therefore, must have intended "public buildings" in 29 *Del.C.* § 6911 to have a more restricted meaning than "public works". The Legislative body is presumed to have inserted every provision for some useful purpose and construction, and when different terms are used in various parts of a statute, it is reasonable to assume that a distinction between the terms was intended. *Albano v. Kirby,* N.Y.App., 330 N.E.2d 615, 618 (1975).

■ In construing statutory language courts should relate words in question to associated words and phrases in the statutory context. *Commonwealth v. Baker,* Mass. Supr., 368 Mass. 58, 330 N.E.2d 794, 800 (1975). Indeed, it is misleading to read 29 *Del.C.* § 6911 in a vacuum; it must be read as a part of Chapter 69, Title 29, *Delaware Code* since 29 *Del.C.,* Ch. 69 was enacted as an entire chapter. 54 *Del.L.* 106. The import of any word or phrase is to be gleaned from the context and statutes in *pari materia,* and statutes upon cognate subjects, although not in *pari materia* may also be considered in order to give unity to the laws. *State v. McCarthy,* N.J.D.Super., 123 N.J.Super. 513, 303 A.2d 626, 631 (1973). In *Stiftel v. Malarkey,* Del.Supr., 384 A.2d 9 (1977), our Supreme Court set forth an indi-

cia to be used in determining the meaning of an ambiguous term when it stated: "Another indication of the meaning of 'employees' appears in this very statute, though not in the . . . [same] . . . section."

In *Masten Lumber and Supply Co., Inc. et al. v. Brown et al.*, Del.Supr.1979, 405 A.2d 101, it was stated: "Because § 2707 is part of the larger mechanics' lien statutory scheme, it must be interpreted in a way consistent with the general purpose of that scheme, which is to protect suppliers of labor and material." See also *State v. 0.0673 Acres of Land*, Del.Supr., 224 A.2d 598 (1966).

 The provisions of 29 *Del.C.* ch. 69 must, therefore, be considered and construed together and harmonized if reasonably possible. It is a basic principle of draftsmanship that a statute can define terms as the lawmakers see fit in order to make clear what is intended. *Stiftel v. Malarkey*, supra. In 29 *Del.C.* § 6917 "public building" is defined as "any building all or part of which is usually held open to the public and which is owned, rented or to be rented by any governmental unit." It is reasonable to assume that the General Assembly intended public buildings to have the same meaning throughout chapter 69, title 29, *Delaware Code* because that chapter provides a unified scheme for public bidding on public works.

"Public building", as used in 29 *Del.C.* § 6911, is limited, therefore, to a building which is usually held open to the public. A sewer system pumping station does not fall within that limitation. .

My holding is consistent with the holdings in *Dasey Concrete, Inc. v. City of Wilm.*, Del.Ch., C.A. # 4977–N.C. (unre-ported 1/30/76) and *Cropper & Thomas, Inc. v. Fontana Bros.*, Del.Super., C.A. # 674–N.C. (unreported 2/6/74). It is also consistent with *Bader v. Sharp*, Del.Ch., 110 A.2d 300 (1954); Del.Supr., 125 A.2d 499 (1955). It is, however, inconsistent with the holding in *Peter D. Furness Electric Company, Inc. v. The City of Wilmington*, Del. Ch., C.A. # 4843–N.C. (unreported 10/9/75). In that case, however, the contractor did not comply with 29 *Del.C.* § 6911 requiring the listing of subcontractors, although the specifications specifically required conformity with that section of the Code. In the present case it is conceded that if 29 *Del.C.* § 6911 does not, by its terms, require the listing of subcontractors on sewer construction projects, then the listing of subcontractors in the bids was unnecessary.

I have not considered and do not decide whether a public body may by specification or condition require the listing of subcontractors, even if not required by 29 *Del.C.* § 6911.

In summary, it is conceded that C & T was the low bidder on the sewer system construction project and its bid is suspect only because it did not contain a list of subcontractors. Since the *Delaware Code* does not require that a bidder list its subcontractors on a public sewer system, C & T's application for injunctive relief must be granted.