Brassard, J.
The Town of Braintree (‘Town”) solicited bids for the reconstruction of a street within the Town. When the bids were opened on May 11, 1995, the defendant, P.A. Landers, Inc. (“Landers”) was the low bidder at $885,657.65. The next low bidder was the plaintiff, D’Allessandro Corp. (“D’Allessandro”) at $967,719.10, a difference of some $82,000.00.
The bid documents require Minority Business Enterprises’ participation, and stated in part as follows:
IV.B Within seven calendar days after the bid opening, the two lowest bidders shall submit completed and signed letters of intent from the MBE(s) listed in its schedule. The letter of intent shall be in the form attached and include, among other things, the contract activity the MBE is proposing to perform and the prices the MBE proposes to charge for the work. The total amount of each letter of intent shall be at least that listed for the MBE in the schedule.
V.A If the schedule, any of the letters or (sic) intent or evidence of MBE certification are materially incomplete or are not submitted within the period provided for in Section IV., the Commissioners shall treat the bid as informal as to the substance and reject the bid. If the schedule or any of the letters of intent are incomplete in other respects, the Commissioners may treat the bid as informal as to form and waive the informalities upon the satisfactory completion of the required information by the bidder and the MBE as applicable.
Section 3.01 of the bid solicitation provides as follows:
The Party of the First Part reserves the right to reject any or all Proposals, to waive technicalities, to waive informalities as to form, to advertise for new Proposals, or to proceed to do the work otherwise, as may be deemed in the best interests of the Commonwealth.
It appears that the Town made use of bid invitation forms prepared by the Massachusetts Department of Public Works.
Because the bids were opened on Thursday, May 11, the letters of intent from the MBE(s) were due on Thursday, May 18. D’Allessandro timely submitted its letters of intent, but Landers did not do so until Monday, May 22.
Landers did submit with its bid a completed form entitled “Schedule for Participation by Minority Business Enterprises.” That form indicated a particular MBE at an amount of $56,262.00, 6% of the total bid *169 price of $883,466.65. On May 22, Landers submitted a signed letter of intent from that particular MBE, indicating a total amount of $67,472.00.
D’Allessandro contends that the bid solicitation documents made mandatory the timely submission of the signed letter of intent, and that the failure to do so required the Town to reject the bid as informal as to substance. The Town and Landers contend that the deviation was minor, and that the preliminary injunction requested by D’Allessandro to the effect that the Town be enjoined from entering into the contract with anyone other than D’Allesandro should be denied.
The Office of the Attorney General reviewed D’Allessandro’s bid protest, and found that the protest was valid. The Office of the Attorney General concluded that the bid solicitation provision was mandatory, that the provision left no room for discretion on the part of the Town, and that the Town’s contention to the contrary was misplaced because it entailed the risk of favoritism in the awarding of public contracts.
The Supreme Judicial Court has held that there must be strict compliance with the requirements of the public bidding statutes “in matters of substance,” but that “minor or formal deviations from requirements do not compel rejection of the bid.” Gil-Bern Construction Corp. v. Brockton, 353 Mass. 503, 506 (1968). In that case, the Court concluded that the failure to include a critical path method analysis with the bid, as required by the bid solicitation, was not a substantial deviation from the published requirements. The Court noted that the critical path method analysis was not required by statute, and that the late submission of the analysis did not affect any of the obligations of the parties under the contract at issue. The Court concluded that the failure to supply the analysis with the bid was a minor deviation which the awarding authority could lawfully waive.
This Court finds the Gil-Bern decision controlling here. As in Gil-Bern, the bid solicitation documents reserve the right to reject any and all bids, as well as the right to waive technicalities and to waive informal-ities. Although Landers was late with the signed letter of intent, the required letter was submitted within a few days of the due date, and well before the awarding of the contract by the Town. Further, the signed letter of intent from the MBE was obviously intended to, and in this case actually did, corroborate the schedule for participation by minority business enterprises submitted by Landers with its bid.
The Court concludes that Gil-Bern controls, and that Landers’ failure to submit timely the signed letter of intent was a minor deviation which the Town could lawfully waive.
Accordingly, the application for a preliminary injunction is DENIED.