Tierney, J.
The plaintiff, Sci-Tech Construction Co., Inc. (hereinafter “Sci-Tech”), seeks a preliminary injunction to prevent further performance of a contract awarded by defendant Town of Milford (hereinafter “Town”) to co-defendant AMS Construction and Development, Inc. (hereinafter “AMS”) for the renovation of a public building. For the reasons set forth herein, Sci-Tech’s application for preliminary injunction is DENIED.
BACKGROUND
This case concerns the renovation of Memorial Hall, a public building located in Milford, Massachusetts. In the early spring of 2001, the Town solicited bids for the project. After the close of the bidding period, the sealed bids were opened on August 8, 2001. AMS submitted the lowest bid. However, the bid submitted by Sci-Tech was only $2,850.00 higher than the AMS bid. On August 15, 2001, Sci-Tech disputed the bid alleging that an outdated bid form used by AMS contained unsolicited information and omitted details required on the proper form. Sci-Tech also objected to two addenda included with the AMS bid form. Sci-Tech alleges that these variations render the AMS bid defective under G.L.c. 149, §44E. Sci-Tech obtained a decision from the Attorney General’s office on November 5, 2001 declaring the AMS bid improper. Nevertheless, on November 21, 2001, the Town executed a contract with AMS. AMS began renovating Memorial Hall on November 26, 2001.
DISCUSSION
1. Preliminary Injunction Standard
The decision to grant or deny an application for preliminary injunction “generally rests within the sound discretion of the judge.” T&D Video, Inc. v. City of Revere, 423 Mass. 577, 580 (1996) (citations omitted). First, the court evaluates the moving party’s claim and its likelihood of success on the merits. Packaging Indus. Group Inc. v. Cheney, 380 Mass. 609, 617 (1980). Next, the court must determine if, without the injunction, the moving party would suffer irreparable harm.[2] Id. An irreparable harm is one not capable of adequate vindication by a final judgment at law or equity. Id. at 617 n. 11. Finally, the court must “balance the risk of irreparable harm to the plaintiff and defendant in light of [each] party’s chance of success on the merits at trial.” Planned Parenthood Leagues of Massachusetts, Inc. v. Operation Rescue, 406 Mass. 701, 710 (1990). An injunction may only issue where the balance of these risks favors the moving party. Id.
2. Likelihood of Success on the Merits
It is well established that bids filed pursuant to G.L.c. 149, §§44A-44J must be rejected where a bid violates statutory requirements as to matters of substance. Peabody Constr. Co., Inc. v. City of Boston, 28 Mass.App.Ct. 100, 103 (1989) (citations omitted). However, where the departure from statutory requirements is inconsequential, the authority has discretion to either reject or accept the bid. Id. at 104, discussing Gil-Bern Constr. Corp. v. Brockton, 353 Mass. 503, 506 (1968). “Courts, in general, should not second-guess the honest exercise of discretion by bidding authorities for the excellent reason that a bidding authority, which has access to trained personnel (e.g. its architect), is in a better position to evaluate the significance of an apparently minor deviation than a judge is.” Peabody, 28 Mass.App.Ct. at 106-07 (Kass, J., concurring). *411 Clerical errors which deceive no one do not compel rejection of an otherwise conforming bid. Sciaba Constr. Corp. v. City of Boston, 35 Mass.App.Ct. 181, 185 (1993), discussing Fred C. McClean Heating Supplies Inc. v. School Bldg. Comm'n of Springfield, 341 Mass. 322, 324 (1960).
Sci-Tech argues that it will succeed on the merits of its claim because the alleged irregularities in the AMS bid form violate G.L.c. 149, §44E.[3] As Sci-Tech correctly notes, “(t]he ‘minor or formal deviation’ exception to compliance with, competitive bidding statutes does not generally apply to failure by a bidder to comply with a statutory requirement. ” J. D’Amico, Inc. v. City of Worcester, 19 Mass.App.Ct. 112, 115 (1984). Although §44E requires completion of the (appropriate) bid form without the inclusion of surplus information, the cases in which our courts hold that the “minor or formal deviation” exception should not apply involve more than imperfect execution of a bid form. See, e.g., Modern Constr. Co., Inc. v. City of Lowell, 391 Mass. 829, 840 (1984) (bidder prequalification is a “cornerstone of the competitive bidding statute” without which the bid must be rejected); J. D'Amico, 19 Mass.App.Ct. at 115-16 (insufficient bid deposit under applicable statute compelled rejection of bid). No such violation of a statutory requirement is alleged in the present case. Therefore, the present case falls into that category of cases where the “minor or formal deviation” exception applies.
To determine the significance of a bid irregularity, courts should consider the purpose of the public bidding system. E. Amanti & Sons, Inc. v. Town of Barnstable, 42 Mass.App.Ct. 773, 776 (1997). The purpose of competitive bidding statutes is, in addition to ensuring that the bidding authority awards public contracts to the lowest responsible bidder, “to establish an open and honest procedure for competition for public contracts.” Modern, 391 Mass, at 840. This legislative intent does not require that public bidding statutes be given a harsh and unreasonable construction. Fred C. McClean, 341 Mass. at 324; Sciaba, 35 Mass.App.Ct. at 186.
Sci-Tech’s claim asserts nothing more than a short list of de minimis errors on the bid form submitted by AMS. The courts of this Commonwealth routinely permit bidding authorities to tolerate such minor defects. In W.J. Manning, Inc. v. Boston Traffic and Parking Comm’n, 350 Mass. 24 (1965). the Court upheld the award of a contract to a bidder who appended a letter to his bid clarifying his interpretation of a contract term. The Court considered the letter a minor variation which resulted in no manifest injustice to the plaintiff or adverse affect to the public interest. Id. at 26. Likewise, the addenda submitted by AMS was of a clarifying nature resulting in no prejudice to Sci-Tech. Sci-Tech concedes that it can only speculate about any unfair advantage AMS derived from the addenda but offers no evidence of actual prejudice. Sci-Tech, therefore, is unlikely to succeed on the merits of its claim.
3. Irreparable Harm
Generally there is no irreparable harm where the party seeking an injunction has an adequate remedy at law. Bernard v. Hemisphere Hotel Mgmt., Inc., 16 Mass.App.Ct. 261, 265 (1983). A purely economic loss does not constitute irreparable harm unless “the loss threatens the very existence of the movant’s business.” Tri-Nel Mgmt., Inc. v. Board of Health of Barnstable, 433 Mass. 217, 227-28 (2001 ), quoting Hull Mun. Lighting Plant v. Massachusetts Mun. Wholesale Elec. Co., 399 Mass. 640, 643 (1987). However, the Supreme Judicial Court has held that the trial court did not abuse its discretion in enjoining a contract where, as here, an aggrieved bidder would be limited to recovering its bid preparation costs if the injunction did not issue. Modern, 391 Mass. at 837.
The trial court in Modern was presented with far different circumstances than those in the case at bar. In that case, the apparent low bidder had not yet been awarded the project and the injunction preserved the entire contract for the plaintiff. There is no such risk of irreparable harm to Sci-Tech if the injunction is denied because the entire contract, currently and partially performed by AMS, cannot be awarded to Sci-Tech. The work already performed by AMS cannot be undone. Because it is no longer possible to award Sci-Tech the entire contract, the relief sought would not prevent irreparable harm as it did in Modern. This court declines to extend the narrow exception announced in Modern to a contract previously awarded to another bidder. The general rule that economic losses do not constitute irreparable harm governs this case. Sci-Tech presented no evidence that the loss of its profits from this project will jeopardize the existence of its business.
4. Balance of Harms
At the time of the hearing on this application, AMS had completed the demolition phase of the rehabilitation project and had commenced reconstruction. At this phase of the project, the building is unstable and unsafe. Enjoining further construction at this stage would leave the building in a precarious state and jeopardize the public safety. Compared to the financial harm which might accrue to Sci-Tech (assuming it could prevail on the merits), the Town’s risk of harm far exceeds that of Sci-Tech. The danger posed by enjoining further construction at this phase greatly outweighs Sci-Tech’s interest in recovering optimal damages at trial.
Finally, in light of the danger posed to the public if this court granted the injunction and ordered that Memorial Hall remain in its hazardous state pending resolution of this dispute, the injunction does not serve the public interest.
ORDER
It is therefore ORDERED that the application for preliminary injunction be DENIED.

 In its memorandum of law, Sci-Tech attempts to circumvent the irreparable harm component by arguing that irreparable harm is not an element of injunctions sought by private attorneys general. LeClaire v. Town of Norwell, 430 Mass. 328, 331 (1999). G.L.c. 40, §53 provides for taxpayer suits to enforce laws concerning the expenditure of funds by a town. Id. at 332; Edwards v. City of Boston, 408 Mass. 643, 646 (1990). In such cases, the taxpayers are acting as private attorneys general. LeClaire, 430 Mass. at 332. However, such actions must be brought by “not less than ten taxable inhabitants of the town.” G.L.c. 40, §53. Sci-Tech filed the case at bar in its corporate capacity and its complaint is devoid of any suggestion that others join its action as private attorneys general. Therefore, Sci-Tech’s argument is entirely without merit and the court regards the application for a preliminary injunction as one brought by a private party.

 G.L.c. 149, §44E provides, in relevant part: “Every general bid . . . which otherwise does not conform with sections forty-four A to forty-four H, inclusive, or which is on a form not completely filled in, or which is incomplete, conditional or obscure, or which contains any addition not called for, shall be invalid; and the awarding authority shall reject every such bid.”