Kenton-Walker, Janet, J.
Boulevard Garage, Inc. (“Boulevard”) challenges the award of a contract for the towing and storage of motor vehicles by the City of Worcester (“City”) to Direnzo Towing and Recovery, Inc. (“Direnzo”). Boulevard claims that the City improperly deviated from the requirements contained in its Sealed Bid Invitation (“Invitation”) when making this award and should have instead rejected Direnzo’s bid in failing to comply with the Invitation’s terms and conditions. The matter is now before the court on Boulevard’s Motion for a Temporary Restraining Order/Preliminary Injunction. After hearing, and review of the parties’ submitted materials, the court DENIES the motion.
BACKGROUND
The court summarizes the facts based on the materials submitted. On or about November 19,2010, the City issued the Invitation, numbered “CR-5353-JO” and entitled “Towing, Police-Ordered/WPD.” The Invitation sought private entities to bid on contracts to tow and store vehicles for the City when requested by the police or another municipal department. While contracts for the towing and storage of motor vehicles are exempt from competitive bidding under the Uniform Procurement Act, G.L.c. 30B, §1(b)(21), the City chose to award these contracts through competitive bids. The Invitation required that a complete copy of the bids be submitted on December 15, 2010 by 10:00 a.m. to the City’s Purchasing Division.
The Invitation began with a statement that “(a]ll bids are subject to the terms and conditions and specificity herein set forth ...” The Invitation then listed several general bidding requirements. Pertinent *593 to this motion, one requirement under a “General” header (item number 12) stated that “(b]ids which are incomplete, not properly endorsed, or signed, or otherwise contraiy to these instructions will be rejected as informal by the Purchasing Agent. Conditional bids will not be accepted.” Another requirement under a “Specifications” header (item number 26) stated that “(i]n submitting a proposal, the bid shall include the following information: . . . (c.) The address where the towed vehicles will be stored and information relative to the proposed storage locations.” Prior to this requirement, the Invitation directed the bidding entities to “(s]ee item No. 26 below. Bidder is required to furnish all information as requested in this item. Use separate cover and attach to bid. Failure to provide the information requested may result in the rejection of the bid.”
The Invitation also listed requirements applicable to bidding entities awarded service contracts by the City, such as when these entities must be available and how they must perform their contracted services. Pertinent to this motion, one requirement under the same “Specifications” header (item number 19) stated that “ [a]ll vehicles will be towed to the place of business at a location in the City of Worcester owned or leased by the tow operator unless other arrangements have made between the company and the vehicle owner or operator . . .”
Both Boulevard and Direnzo submitted bids for a service contract prior to the December 15th bidding deadline. In its response to City’s request in item number 26 that the bidding entity provide “(t]he address where the towed vehicles will be stored,” Direnzo listed 69 Armoiy Street in Worcester, a property owned by John Gabriel (“Gabriel”). On December 15, 2010, following the public opening of the bids, Gabriel (“Gabriel”) advised the City that he did not intend to lease this property to Direnzo. Gabriel subsequently stated that he had never agreed to lease this property to Direnzo prior to the bidding deadline. When questioned by the City about this information, Direnzo stated that Gabriel had promised to lease this property to Direnzo if the City awarded a contract to Direnzo, and that Direnzo had relied on this agreement when submitting its bid. On December 17, 2010, Direnzo informed the City that it had secured an alternative address to store towed vehicles, located at 28 Southgate Street in Worcester. The City considered Direnzo’s bid based on this newly provided address. It then recommended that Direnzo be awarded a contract to provide towing and storage services to motor vehicles located in the City’s “Zone 7.” Boulevard has served as the City’s Zone 7 service contractor for more than ten years, with that contract to terminate on Januaiy 31, 2011. Boulevard challenges this recommendation and now seeks a temporary restraining order or preliminary injunction preventing the City’s award of this contract to Direnzo.
DISCUSSION
“A party seeking a preliminary injunction must show that (1) success is likely on the merits; (2) irreparable harm will result from denial of the injunction; and (3) the risk of irreparable harm to the moving party outweighs any similar risk of harm to the opposing party. Cote-Whiteacre v. Department of Pub. Health, 446 Mass 350, 357 (2006), citing Packaging Indus. Group, Inc. v. Cheney, 380 Mass. 609, 616-17 (1980). When a party seeking to enjoin governmental action, the court must also ’’determine that the requested order promotes the public interest, or, alternatively, that the equitable relief will not adversely affect the public." Commonwealth v. Mass. CRINC, 392 Mass. 79, 89 (1984).
In the present case, Boulevard has failed to show that it has a substantial likelihood of success on the merits of its case. The court recognizes, “whether pursuant to a procurement statute or in the interest of fairness, solicitors of competitive bids [are obligated] to consider only those bids that conform to the specifications issued.” Cataldo Ambulance Serv., Inc. v. Chelsea, 426 Mass. 383, 388 (1998). Boulevard argues that Direnzo failed to comply with item number 19 when it submitted its bid since Direnzo failed to provide a location that it owned or leased. The court, however, does not interpret this requirement as a bidding condition; instead, this requirement only pertains to those bidding entities who are awarded contracts, obligating them to tow and store motor vehicles at a location they either own or lease. Relatedly, Boulevard argues that the Direnzo’s bid was incomplete since, in response to item number 26, Direnzo listed “69 Armory Street” as the address where towed vehicles will be stored, a location that it neither owns nor leases. However, the Invitation explicitly stated that the “[f]ailure to provide the information requested may result in the rejection of the bid” (emphasis added). Accordingly, the Ciiy retained the right pursuant to this specification to accept a bid even though it had not provided the information requested in item number 26.
To the extent that the City’s consideration of 28 Southgate Street as part of Direnzo’s bid may have constituted a deviation from the Invitation’s specifications, the court cannot determine at this time that it deviated from a substantive requirement as opposed to a ministerial one that could be cured before the contract’s execution. See Gil-Bern Constr. Corp. v. Brockton, 353 Mass. 503, 506 (1969). As stated, the Invitation implicitly allowed the City to accept bids that did not contain the information requested by item number 26. The City may therefore have had the right to seek and consider updated information after the bidding deadline. Accordingly, the court concludes that Boulevard has not shown that it will succeed in demonstrating that the City failed to perform its obli *594 gation of considering only those bids that conformed to the specifications issued.
Boulevard has also not shown that it will suffer irreparable harm from the denial of the injunction. The court notes the Supreme Judicial Court’s recognition that “if the contract were awarded to [the party benefiting from the violation of the bidding laws] without rebidding, [the injured bidder’s] opportunity for consideration .. . would be forever lost, and its remedy at law for the damages incurred in preparing its bid falls far short of being the equivalent of the potential to win the contract.’’ E.H. Perkins Constr., Inc. v. Lincoln, 78 Mass.App.Ct. 208, 214 (Trainor, J., concurring), quoting Modern Continental Constr. Co. v. Lowell, 391 Mass. 829, 837 (1984). In the present case, however, Boulevard has served as the service contractor for Zone 7 for more than ten years, and damages could be ascertained by considering evidence of profits earned by Boulevard during the duration of this contract. Since Boulevard has failed to show either a likelihood of success on the merits or that irreparable harm will result from the denial of the injunction, the court need not proceed with the remaining elements and may instead deny the motion on these grounds.
ORDER
For the foregoing reasons it is ORDERED that the plaintiffs Motion for a Temporary Restraining Order/Preliminary Injunction be and hereby is DENIED.